## STECHER COOPERAGE WORKS *v.* STEADMAN.

### Opinion delivered April 16, 1906.

1. MASTER AND SERVANT—NEGLIGENCE OF FOREMAN.—A master is liable for the accidental killing of a servant caused by the carelessness of a foreman in running machinery at great and unusual speed or in operating it while out of balance. (Page 385.)

2. EVIDENCE—DECLARATION OF AGENT.—In an action against a master to recover damages for the killing of a servant in an accident, a statement made by defendant's foreman which tended to prove negligence on the master's part is inadmissible against the master, in the absence of any proof that the foreman was acting for the master in making the statement. (Page 386.)

3. SAME—RES GESTÆ.—In a suit against a master for the negligent killing of a servant, a statement by the foreman in charge at the time of the accident, made 24 hours thereafter, is inadmissible as part of *res gestae.* (Page 386.)

4. SAME—RELEVANCY.—Testimony of a witness that the machine whose explosion caused the death of plaintiff's intestate could be heard for the distance of one or two miles was inadmissible where it was not confined to the time of the accident. (Page 387.)

5. MASTER AND SERVANT—DEFECTIVE MACHINERY—NEGLIGENCE.—It was error to instruct the jury that the master is liable for the death of a servant caused by the defective condition of the master's machinery, as the master is liable only when such defects are due to its negligence. (Page 387.)

6. TRIAL—ARGUMENT OF COUNSEL—APPEAL TO SYMPATHY.—In an action against a master for the negligent killing of a servant, plaintiff's counsel appealed to the jury to remember, if "they had any little girls," that when the "finger of scorn" should be pointed at them they could be there with their "strong right arms," and to so act that they would be able "to look into this woman's countenance" and say to her that their duty had been discharged. *Held* not error. (Page 387.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

In 1902 J. W. Steadman was employed by the Stecher Cooperage Company. He worked for the company at a machine called an edger. This machine had a large wheel, some four or five feet in diameter, made of cast iron with a rim of wrought iron or steel to make it more secure and hold it together somewhat as the tire of a wagon wheel binds the wheel and makes it stronger. On the 18th of October, 1902, while the machine was running, the wheel broke into fragments. The fragments of the broken wheel were hurled in all directions with great force, some of them being thrown through the top of the shed, and were afterwards found about two hundred yards distant from the mill. Some of the fragments of the broken wheel struck Steadman, inflicting injuries upon him which caused his death some twenty-four hours afterwards. He left a widow, Mrs. Margaret L. Steadman, and some small children surviving him. Mrs. Steadman was afterwards appointed administratrix of his estate, and brought this action against the Cooperage Company to recover damages for the death of her husband.

She alleged, in substance, that the defendant company negligently permitted the machine to be operated while in a defective and dangerous condition, that the large wheel was cracked and out of balance, and that while in this condition it was propelled and revolved with great rapidity, and that by reason of the centrifugal force of said revolving wheel it broke into fragments, some of which struck Steadman, and as a result thereof he was killed. The complaint further alleged that Steadman at the time he was struck was at work under the directions of the agents of defendant, and that his death was due to the negligence of such agents, without fault on his part.

The company filed an answer, admitting that Steadman was killed by the bursting of the wheel, but denied that the accident was the result of negligence on the part of it or its agents. It stated that if the wheel was defective the danger was obvious, and was assumed by Steadman, and that if there was any negli-

gence it was the negligence of a fellow-servant of Steadman, for which the company was not responsible.

On the trial the court, over the objection of the defendant, permitted the plaintiff, Mrs. Steadman, to testify that Otto Stecker, the manager of the company, came to her home about 24 hours after the accident, and after her husband had died, and said to her: "I am more than sorry, and I will pay the funeral expenses and the doctor's bill. I will pay for a lot in the cemetery. I don't feel myself clear. I rolled and tossed all night, and my wife says that all I kept saying was, 'That poor man!'"

There was a verdict for the plaintiff for the sum of $3,042, for which amount judgment was rendered against the defendant. The defendant appealed.

*J. W. & M. House,* for appellant.

1. When the danger is patent, the servant can not recover for damages arising from such danger. 60 Ark. 438; 58 Ark. 125; 65 Ark. 98; 164 Mass. 168; 161 Mass. 159; 47 Fed. 688; 57 Fed. 381; 68 Ark. 316; 35 Ark. 602; 41 Ark. 382; *Ib.* 542; 56 Ark. 206; *Ib.* 232; 57 Ark. 76; *Ib.* 503; 58 Ark. 125; *Ib.* 324.

2. The court erred in admitting incompetent evidence. Declarations by agents of corporations, if made at the time of the transaction, and within the scope of their authority, are admissible on the ground of *res gestae;* but, if made after the event, are inadmissible. 14 Am. Dec. 628, and note; 66 Ark. 494. Testimony showing the difference in the noise made by the machinery before and after the accident was inadmissible. 18 Am. St. Rep. 303; 59 L. R. A. 119; 1 Wigmore, Ev. § 283; 58 Ark. 125; 48 Ark. 473.

3. The master is not an insurer of the perfection of machinery furnished the servant. It is only required to exercise reasonable care in providing safe machinery, and ordinary care to keep it in a reasonably safe condition. It was therefore error in the first instruction to charge the jury that it was "the duty of defendant to construct and maintain its machinery and appliances in a safe condition." For like reasons it was error in the third instruction to charge the jury that "deceased had a right to rely upon the defendant to perform its duties to him by providing for his use appliances that were reasonably safe."

4. The second instruction is erroneous in that it makes the master an insurer both as to the construction and adjustment of the machinery.

5. The court erred in giving the 4th instruction, and in modifying the 11th by inserting the word "competent" before the word "foreman." The complaint does not allege negligence in employment of any person, nor incompetency of any employee. Defendant was only required to use reasonable care in the selection of its employees, and was not an insurer of their fitness or competency; and if the employee was a co-laborer, he was a fellow-servant, for whose negligence or want of skill defendant was not liable unless it had failed to use reasonable care in his employment. 69 Ark. 363; 7 Ore. 84; 15 Ore. 220; 71 Mo. 514; 72 Mo. 212; 76 Mo. 614; 90 Ill. 425; 40 Ga. 231; 12 Am. & Eng. Rd. Cas. (N. S.), 19 and note; *Ib.* 644 and note; 35 Am. & Eng. Rd. Cas. (O. S.), 387; 42 *Ib.* 325; 50 Ind. 385; 22 Pac. 1079. The rule that error without prejudice is no ground for reversal applies only where it appears so clear as to be beyond doubt that the error complained of could not have prejudiced the complaining party. 114 Fed. 458; 73 Fed. 774; 59 Fed. 860; 5 Wall. 795; 17 Wall. 630; 104 U. S. 625; 110 U. S. 47; 119 U. S. 99; 148 U. S. 664; 158 U. S. 334; 167 U. S. 624. See also 52 Fed. 371; 36 Fed. 994.

6. The jury are not warranted in finding exemplary damages unless the negligence is so gross as to imply malice, wantonness, conscious indifference to consequences, etc. 30 Ark. 377; 8 Am. & Eng. Rd. Cas. (O. S.), 541; 11 *Ib.* 673; 26 *Ib.* 274; 30 *Ib.* 576; 36 Am. & Eng. Rd. Cas. (N. S.), 636; 31 *Ib.* 776; 12 *Ib.* 14 and note; 22 *Ib.* 909; 70 Ark. 136.

7. Proof of a simple defect or imperfect operation of machinery is not sufficient evidence that the company had previous knowledge or notice of an alleged defect, imperfection or insufficiency in the machinery. 45 Ark. 567.

8. The cause should be reversed because of offensive language made use of by counsel in argument, of such character as that neither rebuke nor retraction could destroy its prejudicial influence. 70 Ark. 305; 75 Ark. 577; 74 Ark. 298; 76 N. W. 462.

*J. N. Rachels* and *John T. Hicks,* for appellee.

The question of assumed risk was fairly submitted to, and decided by, the jury. The testimony as to conversation with the manager was competent for the purpose of contradicting him, and the testimony as to the noise made by the machinery before and after the accident was admissible as a circumstance tending to establish the allegation that the machinery was carelessly and negligently handled and operated. Appellant can not complain of an instruction as to punitive damages, since none were awarded, and the instructions fairly submitted the law of the case to the jury.

RIDDICK, J., (after stating the facts.) This is an appeal by the Stecher Cooperage Company from a judgment rendered against it for damages on account of the injury and death of J. W. Steadman, one of its employees. At the time of his injury Steadman was working at a machine called an edger. This machine had a wheel some four or five feet in diameter made of cast iron, with a steel rim around it to strengthen and hold it together, somewhat after the manner that the tire of a wagon wheel strengthens the wheel. Attached to this wheel were knives, the edges of the blades protruding about one sixteenth of an inch beyond the face of the wheel, and set so that a stave pressed against the side of the revolving wheel would be cut and trimmed into the proper shape by the knives. While Steadman was at work pushing staves against the wheel to cut them into shape it burst into fragments, which were thrown with great violence, some of them going through the top of the shed and falling several hundred yards away. Steadman was struck by a fragment of the wheel, and severely injured, so that he died about 24 hours afterwards from the effects of his injuries.

There is nothing beyond the fact that the wheel, while the machine was being operated, suddenly flew into fragments to show that the wheel was cracked or defective in any respect. The allegation in the complaint that the wheel was cracked and otherwise defective is therefore not supported by the evidence. The evidence does not clearly show what was the cause of this accident. There was some evidence tending to show that it was caused by running the machine at too high a speed. It is also possible that the wheel may have been slightly out of balance, but this is by no means clear. If the accident was due to the fact

that the machinery was through the carelessness of the foreman of defendant run at great and unusual speed, or to the fact that through the carelessness of the foreman the wheel was being operated while it was out of balance, then the company would be liable, for we see nothing in the evidence tending to show that Steadman was guilty of contributory negligence, and he did not assume any risk due to the negligence of the foreman of the company, who was not his fellow-servant. But, while the verdict is moderate, and while there may be evidence to sustain it, yet we are of the opinion that the court during the course of the trial admitted incompetent evidence.

In the first place, the testimony of Mrs. Steadman concerning the statement of the manager, Otto Stecher, to her, about 24 hours after the accident, in which he said that he was very sorry, that he did not feel clear himself, and offered to pay the funeral expenses, was in our opinion incompetent. If Otto Stecher had been himself the defendant, his statement would have been competent evidence; for one's admissions are competent evidence against himself. But it is not shown that he was the owner, or even that he had any interest in this company. So far as the evidence shows, he had no more right to make admissions affecting its rights than any other employee of the company. The fact that one is in the employ of a corporation does not make all his acts and declarations competent evidence against the company. Only those made by its agents while acting for it in the line of their duty are thus competent. But there is nothing to show that Stecher was acting for the company at the time he made this statement.

It is said that this testimony was introduced for the purpose of contradicting and impeaching the testimony of Stecher. But this testimony was introduced as part of the evidence to make out the case for plaintiff, and was heard before Stecher was put on the stand. Besides, counsel for defendant afterwards expressly asked the court to tell the jury not to consider this evidence in determining whether defendant was guilty of negligence, but the court refused to do so, thus showing that this evidence was allowed by the court to go to the jury as evidence tending to make out the case for plaintiff. These declarations of the foreman 24 hours after the accident can not be treated as a part of

the *res gestae*. They were not made by any officer of the defendant company having the right to speak for it and bind it by declarations of that kind, and were therefore improperly admitted and prejudicial to defendant. *Fort Smith Oil Co.* v. *Slover,* 58 Ark. 168.

The testimony of several witnesses that the old machine could be heard a mile or two distant, and much further than such machines can ordinarily be heard, was probably not entitled to much weight, for the increased noise might have been caused by the lack of oil on the bearings or by the condition of the machine, as well as by high speed at which the machine was operated. But it would have been competent, had it been confined to the time of the accident. The witnesses do not fix a time at or near the time of the accident, and for that reason we think that this testimony was incompetent. The object of showing that the noise made by the edger before the accident could be heard much further than such machines could ordinarily be heard was to prove that it was the custom of the company before the accident to operate the machine at great and unusual speed. But the fact that the company may have on several occasions some months or years before the accident operated the edger at great speed does not show that they did so at the time of the accident; and, as before stated, this testimony should have been confined to the time of the accident.

The instructions given to the jury are much longer and more voluminous than necessary; but, as most of them were asked by defendant, it has no right to complain. Some of the instructions given at the request of plaintiff do not correctly state the law, for they, in effect, make the company an insurer against accidents to its employees through defects in its machinery. For instance, in instruction number one given at the request of plaintiff it is said that "if the injuries received by the deceased were caused by the defective condition of defendant's machinery, the plaintiff is entitled to recover," etc. But this is not correct, for the law makes the company liable only when such defects are due to its negligence. As this matter has been so frequently discussed by this court in recent cases, we deem it unnecessary to do more than call attention to it here.

We see nothing prejudicial in the argument of counsel for

plaintiff set out in the transcript. His appeal to the jury to remember, if "they had any little girls," that when the "finger of scorn" should be pointed at them they would be there to defend them with their "strong right arms," and so act that they would be able "to look into this woman's countenance" and say to her that their duty had been discharged, was a species of perfervid eloquence quite common in perorations of counsel for plaintiff in actions of this kind. From time immemorial such oratorical appeals to juries have been heard. Great latitude is allowed counsel in making arguments; and where there is no misrepresentation of the law or facts and no abuse of this privilege, they furnish no grounds for reversal on appeal. *Miller* v. *Nuckolls,* 77 Ark. 64.

For the reasons stated the judgment is reversed, and the cause remanded for a new trial.