PFEIFER STONE COMPANY *v.* SHIRLEY.

Opinion delivered July 10, 1916.

1.  EVIDENCE—PERSONAL INJURIES—EXCLAMATIONS—RES GESTAE.—
    Plaintiff was injured when one B with whom he was carrying a heavy shaft, dropped the same. *Held*, evidence of exclamations made by both plaintiff and B at the time of the injury were admissible.

2.  EVIDENCE—PERSONAL INJURIES—CAUSE—ADMISSIONS OF EMPLOYEE.
    —Statements of a fellow-employee as to the cause of plaintiff's injury

are inadmissible against the defendant master, where they tend to show the manner in which he performed his duty and are a mere narrative of past occurrences.

3.   EVIDENCE—MEDICAL EXPERT—NON-EXPERT OPINION.—In a personal injury action, testimony by a non-expert, as to the condition of the plaintiff is inadmissible, where a proper opinion could be based only upon a knowledge of anatomy and a skill in diagnosis.

Appeal from Independence Circuit Court; *D. H. Coleman*, Judge; reversed.

*McCaleb & Reeder*, for appellant.

1.   The statements of Brickle made after the accident, and the court's statement in the hearing of the jury that defendant would be bound by such statements were highly improper, incompetent and prejudicial. 82 Ark 432 440; 176 *Id.* 430, 434; 99 *Id.* 558; 105 *Id.* 247; 58 *Id.* 168; 66 *Id.* 494; 78 *Id.* 381; 100 *Id.* 269; 97 *Id.* 422.

2.   The court erred in permitting G. W. Brewer, a non-expert, to testify that he examined plaintiff for appendicitis and told him it was not that disease.   5 Enc. of Ev., p. 530, note 47; 57 Ark. 387; 23 *Id.* 215.

3.   Plaintiff's injury may have resulted from natural causes and not from the injury.   In such cases the verdict should be set aside.   Where any injury may have resulted, from either of several theories, for some of which the employer is not liable, it is not for the jury to guess or speculate between the various causes, but the burden is on plaintiff to prove the exact cause.   179 W. S. 658; 165 Ark. 161; 79 *Id.* 76; 87 *Id.* 321; 82 *Id.* 372; 87 *Id.* 217; 18 S. W. 172; 70 *Id.* 376; 33 L. R. A. 492, 700, and many others.

*Ira J. Matheny* and *Samuel A. Moore*, for appellant.

1.   There is no prejudicial error in admitting incompetent testimony of a fact proven by undisputed evidence.   111 Ark. 180.

2.   It was not error to admit Brewer's testimony, when considered together with the other testimony; besides the objections were not specific, but general. A portion of it was competent and really it was not imma-

terial. 64 Ark. 533; 5 Enc. Ev. p. 530-1; 87 Ark. 331, 334; 96 *Id.* 196; 78 *Id.* 71, 73-4; 99 *Id.* 489, 490.

3.   There is no error in the instructions.   The alleged errors were harmless.   96 Ark. 156, 162; 83 *Id.* 1; 85 *Id.* 452; 117 Ark. 524.

SMITH, J.   Appellee recovered judgment for damages to compensate an injury sustained by him as a result of the negligence of one Joe Brickle, a fellow servant.   In support of his cause of action appellee testified that he and Brickle were engaged in carrying out of the blacksmith shop of the appellant company for which they were working, a heavy iron shafting, which was shown to be of as great weight as they were able to carry, when Brickle dropped his end of the shafting and thereby inflicted upon appellee the injuries to compensate which he sues.

(1) Over appellant's objection appellee was permitted to detail certain profane exclamations used by both himself and Brickle at the time of the injury, the purport of which was to show carelessness on Brickle's part.   This evidence we think was competent as a part of the *res gestae*, the exclamation being a part of the transaction and explaining the conduct of each of the parties at the time.   In addition, upon his direct examination the court permitted appellee's counsel to ask him the following questions and the witness to give the testimony quoted:

Q.   "I will ask you this, Mr. Shirley:   Did Mr. Brickle after he had dropped the shafting while you all were talking about it there, did he tell you why he dropped it?

A.   Yes, sir; yes, he told me he throwed it down to save himself.

Q.   "Well, did he explain why it would save himself?

A.   "Yes, he had a broken leg, he had a broken leg, and he said that he got in such shape that he couldn't go any further without throwing the shafting down, and he said he would not have broken his leg over for what the company was worth."

Upon his cross-examination it developed that the conversation detailed above occurred some days after the injury.   Thereupon the following colloquy occurred:

Judge McCaleb (of counsel for appellant): "Now, your Honor, we ask that all that evidence about Joe Brickle dropping that shaft to save himself be excluded from the jury for the reason that he says that now the conversation he had with Brickle occurred here in town long after this thing occurred."

Court: "I think the defendant would be bound by any statement he (Brickle) would make about it."

Judge McCaleb: "That the defendant would be bound by any statement that Brickle would make? Does the court hold that defendant is bound by anything Brickle said about two or three months after it occurred?"

Court: "With reference to this injury, I think so."

Exceptions were duly saved to this ruling of the court.

There was a sharp conflict in the evidence as to the nature, cause and extent of the injuries from which appellee claimed to be suffering. On the part of appellant, there was expert evidence to the effect that appellee was suffering from chronic appendicitis and that this condition existed prior to the time of his injury. In contradiction of this theory, the court permitted a Mr. Brewer to testify, over appellant's objection, as follows:

"Why, some time about Christmas, I think it was in February, Mr. Stone was up to my house and said, 'Well, I heard that he (Shirley) had appendicitis and was bad sick,' so I went down there to see him after supper. It is just about a quarter down to his house. And I examined to see whether he had appendicitis or not, and I discovered that he didn't have any appendicitis, but I found the hurt above the hip, right up here (indicating to the jury). The appendix is about half-way from the corner of the hip here (indicating to the jury) to the penis. I found that hip swollen there and I told him not to let the doctors cut any on him for appendicitis. I told him it was not his appendix that was hurt at all, and he seemed to be mighty sore there, that is, for me to press on it."

The witness was appellee's uncle, and, upon being asked on his cross-examination if he was a doctor, stated that he "had studied medicine some," and, upon being asked if he had ever practiced medicine, answered, "Not

only in my own family." He admitted, however, that he had never attended any school. Other answers given by the witness indicated that his occupation was that of a farmer.

(2) Appellee's evidence in regard to Brickle's admission was incompetent and necessarily prejudicial. In the recent case of *River, Rail & Harbor Construction Co.* v. *Goodwin*, 105 Ark. 247, the plaintiff in a personal injury case was permitted to prove an admission of negligence on the part of a fellow-servant which caused the injury complained of. It was there said that inasmuch as the declaration was not made by an officer of the defendant company having the right to speak for it and bind it by declarations of that kind, the evidence was improperly admitted and constituted prejudicial error, and in that connection we quoted with approval the following statement of the law from Jones on Evidence, section 357:

"The declarations of an employee or officer as to who was responsible for an accident, or as to the manner in which it happened, when made at the time of the accident or soon after, have been held incompetent, as against the company, on the ground that his employment did not carry with it authority to make declarations or admissions at a subsequent time as to the manner in which he had performed his duty; and that his declaration did not accompany the act from which the injuries arose, and was not explanatory of anything in which he was then engaged, but that it was a mere narration of a past occurrence."

We think, too, the court should not have permitted the witness Brewer to express the opinion that appellee did not have appendicitis at the time of his examination of him. It is true the witness stated the facts upon which he based his opinion, but there is no contention that he had any special information or training that enabled him to form or express an opinion upon these facts. The rule in such cases is stated in 5 Encyclopedia of Evidence, 530, as follows:

"2. Requisite Knowledge, Skill and Experience.— A. In General. While undoubtedly it must appear that

a witness called as an expert has enjoyed some means of special knowledge or experience upon the subject as to which he proposes to testify, no hard and fast rule can be laid down as to the extent of such knowledge or experience. The reason for allowing an expert to testify, and the object of his testimony, indicate to some extent the qualifications he should possess in order to make him a competent witness. His competency depends upon either his actual experience with respect to the subject under investigation, or his previous study and scientific research concerning the same, and sometimes on both combined. A witness should not be permitted to testify as an expert unless he has such knowledge or experience with reference to the science, art or trade as to which he is called to testify, as will enable him to speak intelligently and enlighten the court. Where a witness is not called upon for an opinion, but simply for a statement of a fact, *e. g.*, whether such and such a thing was done— this rule is not applicable, and there is no necessity to show the qualifications of the witness as an expert, even though he may happen to be a professional man."

Numerous cases are cited in support of the text, among others certain Arkansas cases. In addition, see also, Wigmore on Evidence, sections 555-560; *Railway Co.* v. *Lyman*, 57 Ark. 512; *Railway Co.* v. *Bruce*, 55 Ark. 65; *Arkansas Southwestern Rd. Co.* v. *Wingfield*, 94 Ark. 75.

(3) It would have been entirely proper to permit the witness to describe the condition he observed, but it was improper and prejudicial to permit him to express an opinion upon a subject which necessarily required a knowledge of anatomy and a skill in diagnosis when the witness was not shown to have possessed such knowledge.

Appellant also complains of the action of the court in giving certain instructions and in refusing certain others. But no error prejudicial to appellant was committed in this respect as the instructions were as favorable as it had the right to ask.

For the errors indicated the judgment of the court below will be reversed and the cause remanded for a new trial.