### WILLIAMS *v.* ELROD.

#### Opinion delivered March 26, 1917.

EVIDENCE—RES GESTAE—STATEMENTS OF EMPLOYEE OF CARRIER CONCERNING LOSS.—Plaintiff delivered a trunk to be sent to a railway station to a drayman in defendant's employ, he giving her a claim check therefor. The trunk was lost. In an action for damages against defendant, *held*, evidence of statements made by defendant's employee as to his disposition of the trunk were inadmissible.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

*G. C. & Joe Hardin*, for appellant.

The statements of Jesse Hughey, after the delivery of the trunk were not admissible in evidence as to the disposal thereof. It was not *res gestae.* 66 Ark. 500; 69 *Id.* 558; 78 *Id.* 381; 100 *Id.* 269; 105 *Id.* 247; 80 *Id.* 528; 82 *Id.* 324; 85 *Id.* 300, 479; 88 *Id.* 451; 58 *Id.* 179; 97 *Id.* 420; 114 *Id.* 267; 78 *Id.* 381; 14 *Id.* 86; 97 *Id.* 420; 68 *Id.* 225; 67 *Id.* 147; 100 *Id.* 269; 105 *Id.* 247; Jones on Ev., § 357; 49 Ark. 207; 125 Pa. St.

259; Mechem on Agency, § 714; 96 Ark. 393; 66 *Id.* 221; 47 *Id.* 247; 10 *Id.* 638; 16 *Id.* 628.

*Oglesby, Cravens & Oglesby,* for appellee.

1. Hughey's statements were admissible. 38 Am. Rep. 617; Fetter on Carriers, 1547. The contract for delivery was admitted and the verdict is right and sustained by the evidence.

HART, J. Appellant operates a baggage and transfer business in the city of Fort Smith, under the trade name of the Pony Express Company, and was employed by Mrs. Elrod in this capacity on the afternoon of December 24, 1915, to haul her trunk from her residence to the Midland Valley Railroad Company's depot, to be there delivered into the custody of that carrier. The driver of the wagon who took the trunk to the depot was a man named Hughey and, upon receipt of the trunk from Mrs. Elrod, he gave her a claim check, in accordance with the custom of the transfer company, which was intended to enable her to identify and claim her baggage. Mrs. Elrod had intended to leave on Christmas morning to pay a visit to her husband, who was working in Oklahoma, but he came home on that day, and the trip was abandoned. On the morning of the 26th she sent her husband, with the claim check, to the Pony Express Company's office for the trunk, but it could not then be found. Thereupon she sued that company, and, upon her motion and against the objection of the appellant, the railroad company was made a party defendant.

At the trial, the railroad company was permitted, over the objection of appellant, to prove that the trunk was never delivered into its custody, but that Hughey, the driver of the wagon, had stated that, when he reached the depot, he found both the baggage room and the ticket office closed, and that, upon the suggestion of a bystander, who had no connection with the railroad company, he placed the trunk on a truck standing on the platform. The testimony does not show what

became of the trunk. Hughey was not present, and did not testify.

It is insisted that error was committed in the admission of the statements of Hughey in regard to his disposal of the trunk. That such statements were not part of the *res gestae*, and that, at the time said statements were alleged to have been made, Hughey then had no duty to discharge in regard to the care or delivery of the trunk to its owner, and that he, therefore, had no authority to speak for the company, nor to make admissions binding it. We think appellant is correct in this contention. The rule in such cases is stated in the case of *River R. & H. Con. Co.* v. *Goodwin*, 105 Ark. 247, in which case we quoted from section 357 of Jones on Evidence, the following statement of the law:

"The declaration of an employee or officer as to who was responsible for an accident, or as to the manner in which it happened, when made at the time of the accident or soon after, have been held incompetent, as against the company, on the ground that his employment did not carry with it authority to make declarations or admissions at a subsequent time as to the manner in which he had performed his duty; and that his declaration did not accompany the act from which the injuries arose and was not explanatory of anything in which he was then engaged, but that it was a mere narrative of a past occurrence." See also *Pfeifer Stone Co.* v. *Shirley*, 125 Ark. 186.

In opposition to this view, we are cited to sec. 648 of Fetter on Carriers, where it is said: "We have seen that the general rule is that declarations or admissions made by an agent or employee are admissible against his principal only when they relate to a transaction in which the agent or employee had real or apparent authority to act for the principal, and only when they are made during that very transaction, and thus constitute a part of the *res gestae*. On this principle, it has been held that the acts and declarations of an agent in charge of a baggage room, with respect to a

passenger's baggage, on application by the passenger for its delivery to him, are competent evidence for the passenger in an action against the company for its loss. So, where a passenger on a sleeping car places a valise in charge of the company's servants while she ·is asleep, their declarations, explanations, and suggestions, as to what had become to it, made the next morning, when the passenger inquired for it, are admissible against the company."

A substantially similar statement of the law is found at page 539 of Thompson on Carriers.

The cases cited, as well as others, support the text, but it will be observed, in the language quoted, that the learned author states that the declarations of the agent, or employee, are admissible against his principal only when they relate to a transaction in which the agent, or employee, had real, or apparent, authority to act for the principal, and only when they are made during that very transaction. In the cases cited, it will be observed that each agent, or employee, whose declarations were received, had some duty to perform in regard to the delivery of the article to the person entitled to its possession, and that the evidence admitted related to the discharge of this duty. Hughey was not in possession of the trunk at the time of making the statements objected to, nor did he then have any duty to perform in regard thereto, and his admissions of negligence under the circumstances are not distinguishable, in principle, from those of any other servant whose conduct forms the subject-matter of the inquiry after the termination of his conduct which is alleged to constitute the actionable negligence.

Other assignments of error are argued in the brief, but we do not find them of sufficient importance to require discussion.

For the error indicated, the judgment will be reversed and the cause remanded.