WEBB v. KANSAS CITY SOUTHERN RAILWAY COMPANY.

Opinion delivered January 13, 1919.

1. RAILROADS—DUTY TO TRESPASSERS.—To a fourteen-year-old boy stealing a ride on freight train, the railroad company owes no duty except to exercise ordinary care to avoid injuring him after discovering him in a perilous situation.

2. RAILROADS—DEATH OF TRESPASSER—BURDEN OF PROOF.—In an action against a railroad company for death of a trespasser stealing a ride on a freight train, the burden of proof is on the plaintiff.

3. RAILROADS — DEATH OF TRESPASSER — JURY QUESTION.—Evidence *held* insufficient to go to jury upon question whether trainmen discovered trespasser on freight train in time to avoid killing him.

4. EVIDENCE—RES GESTAE.—In an action for death of a boy stealing a ride on a freight train, evidence of declarations by a brakeman after the accident was inadmissible, being a mere narrative of a past occurrence, and the brakeman having no authority to bind the railway company by declarations.

5. NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — DILIGENCE. — A new trial was properly denied where one of the witnesses who was to testify to the newly-discovered evidence testified at the trial, and the other witness was accessible, and there was no showing why the newly-discovered testimony could not have been produced at the trial.

Appeal from Polk Circuit Court; *W. C. Rodgers,* Special Judge; affirmed.

STATEMENT OF FACTS.

Dora Webb sued the Kansas City Southern Railway Company for damages for the death of her minor son, alleged to have been caused by the negligence of the defendant. The material facts are as follows:

On February 10th, 1918, Earl Webb, a boy fourteen years of age, in company with some other boys boarded an extra freight train southbound, at the water tank at the city of Mena, Arkansas. This train collided with a regular freight train northbound, running on schedule time at a point about one and a half miles south of Mena. Earl Webb and another boy were killed when the two freight trains ran into each other. The collision was caused by the negligence of the servants of the railway company of the extra freight train southbound, in leaving Mena before the northbound freight train arrived there.

According to the testimony of Verna Byrd, a boy thirteen years of age, he got on the train at the water tank and rode on the outside of a coal car which was the second car from the engine. The other boys were hidden in the coal car, which was loaded with pipe. All the boys were stealing a ride on the train. He and a boy named Sydney Cecil, who was hidden in the car with the piping, jumped off of the train about the same time. One of the brakeman saw Byrd, but the latter did not know whether or not the brakeman saw the other boys. Other facts will be referred to in the opinion.

The court directed a verdict for the defendant on the ground that the trainmen did not see Earl Webb on the train. From the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*J. I. Alley,* for appellant.

The court erred in directing a verdict for the defendant.

It was the duty of the defendant to use ordinary care not to injure the deceased after discovering him on the train. 90 Ark. 278; 76 Ark. 106; 97 Ark. 137; 129 Ark. 377.

It was a question for the jury. The plaintiff was on the train; an employee saw him get on; saw him after he was on; saw him after the train started; was near enough to speak to him and, never ordered him off, nor stopped the train for him to get off. It was error, therefore, to take the case from the jury. 103 Ark. 231; 96 Ark. 394.

The court erred in not granting a new trial on the ground of newly-discovered evidence as provided by statute. The statements were made upon the ground, at the wreck and soon after, and were part of the *res gestae,* and were competent. Kirby's Digest, Sec. 6215, subdivision seven.

*James B. McDonough,* for appellee.

The court committed no error in directing a verdict for the defendant.

Plaintiff, being a trespasser, his minority was immaterial. The defendant owed him no duty except the exercise of ordinary care to avoid injuring him after discovering his peril. 129 Ark. 382; 76 Ark. 106; 83 Ark. 300; 97 Ark. 137.

There was no error in the court refusing to grant a new trial on the ground of newly-discovered evidence. It is well settled in this court that the granting of a new trial on account of newly-discovered evidence is within the sound discretion of the trial court and in the absence of an abuse of that discretion this court will not disturb the decision of the lower court. 118 Ark. 49; 118 Ark. 277;

85 Ark. 33; 103 Ark. 589. The evidence wholly fails to show that due diligence was used to discover the new evidence, hence the court was correct in its ruling. 74 Ark. 377; 73 Ark. 377; 30 Ark. 723; 23 Ark. 528; 55 Ark. 312.

HART, J., (after stating the facts).

It is true the collision occurred on account of the negligence of the servants of the railway company but Earl Webb, according to the undisputed evidence, was riding on the train without lawful right to do so and the servants of the company owed him no duty except the exercise of ordinary care to avoid injuring him after discovering his perilous situation. *St. Louis Southwestern Ry. Co.* v. *McLaughlin,* 129 Ark. 377, and cases cited, and *Tyler, Admr.,* v. *St. L., I. M. & S. Ry. Co.,* 130 Ark. 583.

Earl Webb being a trespasser, his minority was immaterial since the railway company would not be liable unless it discovered his peril in time to have avoided injuring him. *Arkansas & Louisiana Ry. Co.* v. *Sain,* 90 Ark. 278. According to the principles of law laid down in the above mentioned cases the burden of proof in this case was on the plaintiff. These principles of law are conceded by counsel for the plaintiff, but he insists that the court should have submitted to the jury the question of whether or not the servants of the southbound freight train discovered Earl Webb on the train in time to have avoided injuring him by the exercise of ordinary care. His contention is based upon the fact that Verna Byrd testified that the trainmen did see him and that it is fairly inferable that they also saw Earl Webb. We do not agree with counsel in this contention. According to the testimony of Verna Byrd, the boys were all playing around the water tank, but they did not all get on the train together. He was standing on the outside of the coal car when the brakeman saw him. The other boys were hidden on the inside of the coal car which was loaded with piping, and there is nothing in the testimony as it appears in the record to warrant a jury in finding

that the trainmen knew that Earl Webb was also on the coal car. Even if they saw Sydney Cecil, the companion of Verna Byrd, climb out of the coal car and jump off of it at the time Verna Byrd got off, this would not tend to prove that there were other boys concealed in the coal car loaded with the pipe.

Again counsel for the plaintiff insists that the judgment should be reversed on the ground of newly-discovered evidence. She filed with her motion for a new trial the affidavits of two residents of Mena that they went to the scene of the collision from the city of Mena after it occurred, and that while there they had talked with one of the brakemen of the southbound freight train who told them that he had put the boys off at the water tank and that they had gotten back on the train again. This testimony would not have been competent. The declaration of the brakeman did not accompany the act from which the injuries arose and was not explanatory of anything in which he was then engaged, but it was a mere narrative of a past occurrence. Again his employment did not carry with it authority to make declarations or admissions at a subsequent time as to the manner in which he performed his duty. *River, Rail & Harbor Construction Co.* v. *Goodwin,* 105 Ark. 247; *Caldwell* v. *Nichol,* 97 Ark. 420; *Stecher Cooperage Works* v. *Steadman,* 78 Ark. 381; *Railway Co.* v. *Sweet,* 57 Ark. 287.

Moreover no reason is given by the plaintiff why she could not have procured this testimony at the trial. Both of the affiants were residents of the city of Mena and one of them was a witness in the case.

We find no prejudicial error in the record and the judgment will be affirmed.