FROLICH *v.* HICKS.

Opinion delivered May 3, 1920.

1. APPEAL AND ERROR—VERDICT ON CONFLICTING EVIDENCE.—A verdict on conflicting evidence is conclusive on appeal.

2. EVIDENCE—EXPERT TESTIMONY.—The capacity of an engine for pumping water is not a matter of expert knowledge, and may be shown by any witness of ordinary intelligence and judgment who had opportunity to observe the operation of such an engine.

3. EVIDENCE—ADMISSIONS OF AGENT.—Admissions of an agent after the close of a transaction from which damages resulted are not competent evidence tending to establish the liability of the principal.

4. WITNESSES—IMPEACHMENT.—Questions relating to previous contradictory statements by a witness, asked for the purpose of impeachment, were properly excluded where they did not mention the time, place or circumstances of the conversation sought to be elicited.

5. LANDLORD AND TENANT—BREACH OF LEASE—EVIDENCE.—Evidence, in an action against a landlord for breach of an agreement to furnish a certain amount of water to the tenant, *held* sufficient to go to the jury on the issue as to the well being of that capacity.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*Trimble & Trimble* and *Chas. A. Walls,* for appellants.

1. The judgment should be reversed, because—

(1) There is no evidence to sustain it.

(2) The court erred in refusing to give instruction No. 3 for defendants.

(3) The court erred in its general charge to the jury and in giving instructions Nos. 1, 2 and 3 for plaintiffs.

(4) Because the court erred in permitting Grover C., O. E. and W. R. Hicks and T. J. Cullar to give certain testimony.

(5) Because the court erred in refusing to permit A. N. Hollingshead to answer certain questions and in refusing to permit witnesses C. G. Miller, E. R. Herron and J. E. Tull to give certain testimony. The testimony shows the incapacity of the well to furnish sufficient water and that Lane & Bowler did not complete their contract until nine months after July, 1918, and that a second well was necessary.

Conjecture and speculation can not supply the place of proof. 113 Ark. 353; 116 *Id.* 82; 174 S. W. 452; 114 *Id.* 112; 117 *Id.* 638. See, also, 70 Ark. 385. Under the proof and the law the court should have directed a verdict for defendants.

2. Instruction No. 3 asked by defendants should have been given, as it was intended to cover the warranty of Lane & Bowler.

3. The instructions of the court given as a general charge were erroneous. The court gave the theory of plaintiff's case but did not mention or refer to the defense of the defendants. Instruction No. 1, given for plaintiffs, was error, as was also No. 3.

4. It was error to permit Grover C. Hicks to answer the questions asked him. His answer was guesswork, or opinion evidence; as also error to permit O. E. Hicks to answer the question as to the capacity of the well.

5. It was error to refuse to permit A. N. Hollingshead to answer the question asked him.

*Jas. B. Reed* and *John P. Streepey,* for appellees.

1. The evidence sustains the verdict. 126 Ark. 605-7.

2. There is no error in the instructions nor in the admission or rejection of testimony. 136 Ark. 231; 100 *Id.* 232-6; 110 *Id.* 612-16; 123 *Id.* 266-72; 108 *Id.* 500-2; 93 *Id.* 209-14.

McCULLOCH, C. J. This is an action instituted by appellees against appellants to recover damages alleged to have been sustained by reason of the breach of a contract in regard to the renting of a rice farm for the year

1918 and an undertaking in said contract on the part of appellants to furnish the water to flood the rice crop. Appellant owned a rice farm in Lonoke County and entered into a written contract with appellees, agreeing to rent the farm to appellees for the years 1918 and 1919 for a certain share of the crop and also agreed to furnish an adequate supply of water with which to flood the rice, conditioned on Lane & Bowler Company furnishing a well on the premises of the capacity of 2,000 gallons per minute, in accordance with the terms of a contract between that company and appellants.

It is alleged in the complaint that Lane & Bowler Company furnished the well of the capacity mentioned and installed a pump therein, according to the terms of the contract, but that appellants failed to put in an engine of sufficient capacity to pump enough water to flood the rice crop, and that the crop failed for the lack of water. There was a denial of the allegations of the complaint, and on the trial of the issues before a jury the verdict was in favor of appellees.

It is contended, in the first place, that the testimony is not sufficient to sustain the verdict. The evidence tends to show that the quantity of water pumped from the well was insufficient to flood the rice crop; that the well furnished by Lane & Bowler Company was up to contract, in that it had a capacity of 2,000 gallons of water per minute, but that the engine used by appellants in pumping water was not of sufficient power to operate the pump to the full capacity of the well, or to afford sufficient quantity of water to flood the rice crop. The contract between the parties to the litigation, and also the contract between appellants and Lane & Bowler Company were both in writing, and there can be no dispute as to their contents. Lane & Bowler Company was only to furnish a well of the capacity mentioned and put in the pump. It therefore became the duty of appellants under their contract with appellees to furnish an engine of sufficient power to pump the necessary quantity of water from the well. If the well furnished by Lane & Bowler Company

was not of the capacity mentioned, then under the contract between the present litigants, appellants were to be absolved from all liability on account of the failure to obtain sufficient quantity of water to flood the crop.

There was a conflict in the testimony on the issue as to whether or not the well furnished by the company came up to specifications. Some of the witnesses testified that it furnished much less than 2,000 gallons per minute, and others testified that it had a capacity of more than that quantity of water. That issue was properly submitted to the jury on legally sufficient evidence, and the verdict settles the issue against appellants.

The next issue in the case was whether or not an engine of sufficient power was furnished by appellants. There was a conflict also on this point, and the evidence was sufficient to warrant a verdict either way, according to where the jury found the preponderance to be. We can not say the verdict is unsupported on that issue.

There was also an issue as to the effect upon the rice crop and the amount of damages, if any, which resulted, and these issues were also supported by legally sufficient evidence. All of the issues were submitted to the jury on correct instructions.

Learned counsel complain of the court's instructions, particularly No. 3, which they say ignored the issue as to whether or not Lane & Bowler Company complied with their contract with respect to the well, and particularly as to the pump. There was no controversy in the case, as we understand, as to the sufficiency of the pump itself, but there was an issue as to the capacity of the well which Lane & Bowler Company was to furnish and the capacity of the engine which appellants themselves were to furnish. We think, as before stated, these issues were properly submitted to the jury and there was no error in the instructions.

Error is also assigned in the ruling of the court in permitting appellees themselves and other witnesses to testify with respect to the capacity of the engine furnished by appellants. One of the witnesses is an expert

engineer familiar with the operations of such engines and the other witnesses showed that they had more or less experience in observing the operation of such engines. We are of the opinion that in the first place the matter about which the witnesses testified was not one calling for expert knowledge, but only of such knowledge as a man of ordinary intelligence and judgment with sufficient observation of the operations of such an engine would possess. The witnesses described the engine and its kind, and each stated that they had been about the operation of such engines for many years. We think that the testimony of the witnesses was competent. *Bowen* v. *State,* 100 Ark. 232.

Mr. Hollingshead, who was the sales manager for Lane & Bowler Company, was called as a witness by appellees to prove that the well furnished by that company was of the capacity mentioned in the contract, and his testimony tended to establish that fact. Other testimony was adduced by appellees along the same line. After appellees had rested their case and appellants had introduced testimony, they recalled Mr. Hollingshead to the witness stand for further cross-examination, and proposed to ask him the question whether or not he had stated to a Mr. Miller and a Mr. Herron, or either of them, that Lane & Bowler Company had failed to get the well to the capacity they had agreed on. Appellees interposed an objection, which the court sustained, and the ruling of the court in refusing to allow the question to be propounded is assigned as error. It is argued that the testimony was competent as substantive proof to establish the fact that the well was not up to contract, but the answer to that contention is that the admissions of an agent after the close of the transaction from which damages resulted, is not competent evidence tending to establish the liability of the principal. *Stecher Cooperage Works* v. *Steadman,* 78 Ark. 381.

Again, it is argued that the testimony was competent in order to lay the foundation for the impeachment of Hollingshead as a witness. We are of the opinion that

the question was too general in its nature, in that it did not mention the time, place or circumstances of the conversations sought to be elicited. Before they can complain of the court's ruling in excluding the testimony, they must have offered the question in such form as to elicit an answer which would afford the proper foundation for impeachment. It was not sufficient to merely ask the witness whether or not he had ever made any such statement to the persons named.

We find that there was no error committed by the court in the progress of the trial and that the testimony was sufficient to sustain the verdict, and the judgment is therefore affirmed.

OPINION ON REHEARING.

McCULLOCH, C. J. It is very earnestly insisted by counsel for appellants that we were mistaken in saying that the evidence was legally sufficient to warrant the submission of the issue whether or not the well furnished by Lane & Bowler Company had the capacity to furnish 2,000 gallons of water per minute.

It must be conceded that the testimony on this point is not clear and satisfactory, and we have re-examined it with care for the purpose of ascertaining whether or not a mistake was made in the original opinion on that question. Mr. Hollingshead, the sales manager for Lane & Bowler Company, was called as a witness by appellees, and he testified that in his opinion the well was capable of producing 2,000 gallons of water per minute. He was not asked as to his qualifications as an expert on the subject; nor was any objection interposed to his giving his opinion as to the capacity of the well. On cross-examination he made a statement that tended, more or less, to qualify his former statement or, rather, to weaken the effect of it; but he did not withdraw the statement, and it was a question for the jury to determine what weight should be given to it. One of the appellees testified that he was familiar with wells of this kind, and that this well furnished 1,800 gallons per minute with the 60-horsepower motor that was used. There was other testimony

to the effect that a motor of that capacity was insufficient and that a larger one would have pumped a greater quantity of water. This witness also testified that while the pump was bringing up water at the rate of 1,800 gallons per minute, there were no bubbles observable in the water. It appears from the testimony that when a well is pumped to full capacity bubbles will appear. Now, there was another witness introduced who testified as an expert, and he gave it as his opinion that if the well was furnishing 1,800 gallons of water per minute with a 60-horsepower motor, and no bubbles appeared in the water, if 75-horsepower motor was used the well would have produced 2,000 gallons of water. He testified, on cross-examination, that he would not undertake to say what the capacity of this particular well was, but this did not weaken the force of his testimony as an expert concerning the additional amount of water that would have been furnished under those circumstances. Another witness, T. J. Cullar, testified that he worked for Lane & Bowler Company in driving this well, that he had had experience with such wells and that a well driven to the stratum reached in this well would furnish 2,000 gallons of water per minute. We can not say that there is no testimony of a substantial nature tending to show that the well furnished by Lane & Bowler Company was of the capacity of 2,000 gallons per minute. This being true, the issue was properly submitted to the jury.

We have considered the other questions raised on rehearing, but have reached the conclusion that our judgment on the former hearing was correct.

The petition for rehearing is, therefore, denied.