CASTEEL *v.* YANTIS-HARPER TIRE COMPANY.

Opinion delivered March 16, 1931.

476

Simmons & Lister, for appellant.

Daily & Woods, for appellee.

BUTLER, J. In the trial of this cause in the court below a verdict was returned under the direction of the court against appellant, the plaintiff, in favor of the defendants, Yantis-Harper Tire Company, and, when that action was taken, a nonsuit was entered against their co-defendant, Robert Tolliver. We are therefore required by settled rules of practice to view the testimony on plaintiff's behalf, with the inferences properly deducible therefrom, in the light most favorable to her in the determination of the correctness of the court's ruling in directing a verdict in favor of the tire company. The suit was against S. B. Harper and Marshall Yantis, partners in business, operating under the firm name of Yantis-Harper Tire Company, and Robert Tolliver, a colored employee of that firm.

The testimony on plaintiff's behalf is to the effect that about 7 P. M. on Tuesday, November 12, 1929, she was standing in the safety zone at 11th Street and Garrison Avenue in the city of Fort Smith waiting for a street car. Several other persons were there also, among these being Walter Hager, who became a witness in plaintiff's behalf. While standing in this safety zone, through which automobiles were not supposed to drive, a car ran around another car and, traveling at a speed of from 25 to 30 miles an hour, drove through the safety zone, striking plaintiff and very seriously injuring her.

The suit was brought upon the theory that the car inflicting the injury was driven by the defendant, Tolliver, and that he was at the time engaged in his employ-

ment as the employee of his co-defendant, the Yantis-Harper Tire Company.

Tolliver denied striking plaintiff. In addition to this defense, Yantis-Harper Tire Company defended upon the ground that Tolliver was not in their service at the time of the injury, even though he, in fact, caused it. The evidence was to the effect that Tolliver had been employed by Yantis-Harper for several years as the driver of a service truck, his business being to deliver gasoline and tires and other commodities and to answer service calls over the city.

Hager testified that the car sped on after striking the plaintiff and went towards the place of business of Yantis-Harper, and that he followed on to that place, and that Tolliver came out on the walk and asked: "What's the matter; did I hit some one down there?" and that Tolliver made the further statement that he had been away to get or to deliver a package. This witness identified the car as belonging to the defendants, Yantis-Harper. The place of business of Yantis-Harper was only three-fourths of a block away from the place of the collision.

The testimony concerning the remarks of Tolliver was objected to as being incompetent as against Yantis-Harper. The car driven by Tolliver was of the kind used by him in the discharge of his regular duties.

It is not questioned that the testimony concerning the statement made by Tolliver after the collision was admissible against him, but it is insisted that it was not admissible and should not be considered in connection with the liability of Yantis-Harper, for the reason that it was not a part of the *res gestae,* and that it was improper to prove any act or declaration of Tolliver as tending to show his agency or employment.

The rule is settled that the declarations of an employee as to who was responsible for an injury, made after its occurrence, are incompetent as against his employer, for the reason that his employment does not carry

with it authority to make declarations or admissions at a subsequent time as to the manner in which he had performed his employment. *River, R. & H. Const. Co.* v. *Goodwin,* 105 Ark. 247, 151 S. W. 267; *Stecher Cooperage Works* v. *Steadman,* 78 Ark. 381, 94 S. W. 41; *Caldwell* v. *Nichol,* 97 Ark. 420, 134 S. W. 622; *Pfeifer Stone Co.* v. *Shirley,* 125 Ark. 186, 187 S. W. 930; *Williams* v. *Elrod,* 128 Ark. 207, 193 S. W. 514; *Webb* v. *K. C. Sou. Ry. Co.,* 137 Ark. 107, 208 S. W. 301; *Frolich* v. *Hicks,* 143 Ark. 565, 222 S. W. 373; *St. L. S. F. R. Co.* v. *Vernon,* 162 Ark. 226, 258 S. W. 126. But that rule does not render this testimony incompetent. It is to be remembered that one of the issues in the case was the question of fact whether Tolliver was the driver of the car. He denied that he was. The testimony was therefore competent to identify him, and no error was committed in admitting it, not only as against Tolliver, but as against his codefendants and employers as well.

We think the testimony, when viewed in the light most favorable to plaintiff, as it must be, is sufficient to support a finding that plaintiff was struck by a car driven by Tolliver and owned by Yantis-Harper, and that in his regular employment he drove such a car. This is not seriously questioned. It is very earnestly insisted, however, that the undisputed testimony shows that Tolliver was not acting within the scope of his employment at the time of the injury, indeed, that he was not employed at all at that time.

The law on this subject has been so frequently considered by us that it may be treated as settled. The authorities from our own and other jurisdictions are reviewed in the recent cases of *Hunter* v. *First State Bank of Morrilton,* 181 Ark. 907, 28 S. W. (2d) 712, and *Andrews* v. *Bloom,* 181 Ark. 1061, 29 S. W. (2d) 284; and *Mullins* v. *Ritchie Grocery Co., ante* p. 218, and no useful purpose would be served by again reviewing them.

It was said in the Ritchie case that "the doctrine is settled in this State that, if the automobile causing the

accident belongs to the defendant, and is being operated at the time of the accident by one of the regular employees of the defendant, there is a reasonable inference that at such time he was acting within the scope of his employment and in the furtherance of his master's business. The inference or presumption of fact, however, may be rebutted or overcome by evidence adduced by the defendant during the trial. Where the evidence on this point is contradictory, the question is one for the jury. Where the facts are undisputed, and uncontradicted, it becomes a question for the court." Citing cases.

It is argued, however, that any inference or presumption which may have arisen from the plaintiff's testimony was overcome by the testimony on the part of the defendants, and that, as defendants' testimony was to the effect that Tolliver was not acting within the scope of his employment, nor was he employed at all at the time of the collision, there was no presumption to the contrary. This is true, but it does not follow, for that reason, that no case was made for the jury.

The record before us presents the question, not as a presumption of law, but as an inference, to be deduced from all the testimony, whether Tolliver was, in fact, employed and was acting within the scope of his employment at the time he collided with plaintiff, if he, in fact, did so.

The conditions under which the trial court may direct a verdict have been defined in many cases.

In the recent case of *Mutual Life Ins. Co. of N. Y.* v. *Raymond,* 176 Ark. 879, 4 S. W. (2d) 536, it was said: "For, if the facts are such that men of reasonable intelligence may honestly draw therefrom different conclusions on the question in dispute, then they were properly submitted to the jury for determination."

The testimony on the part of the defendants was to the effect that, although Tolliver had been employed by Yantis-Harper for several years, he was paid by the day, and was only paid when he worked, and that he was not

employed or paid on the day of the injury. Tolliver testified that he was not employed on this day, and the cashier and timekeeper of Yantis-Harper gave testimony to the same effect, as did other employees. Their testimony was to the effect that shortly before the collision Tolliver was loaned the use of one of Yantis-Harper's cars for the sole purpose of permitting Tolliver to go to his own home to get a raincoat which he wanted for his own use because it was raining, and that the use of the car had no relation whatever to any service performed for Yantis-Harper or in connection with their business by Tolliver, and had no relation to any duty on Tolliver's part as an employee, and that, indeed, he was not an employee at all on that day.

There are contradictions in the testimony of these witnesses, which prevent us from so holding, as a matter of law, and we are unable also to say, as a matter of law, that no bias on their part was shown.

In the case of *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243, Mr. Justice RIDDICK said: "It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony, or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury."

Upon a consideration of the whole case, we are unable to say, as a matter of law, that the inference might not fairly and reasonably be deduced that Tolliver drove the car which ran over plaintiff or that he was not employed nor acting within the scope of his employment at that time.

The judgment of the court must therefore be reversed, and it is so ordered.