CASTEEL *v.* YANTIS-HARPER TIRE COMPANY.

Opinion delivered June 1, 1931.

*Simmons & Lister,* for appellant.

*Daily & Woods,* for appellee.

Butler, J. At about seven p. m. on Tuesday, November 12, 1929, the appellant was standing in the safety zone at 11th Street and Garrison Avenue in the city of Fort Smith waiting for a street car. Several other persons were there also, among these being Walter Hager, who became a witness in plaintiff's behalf. While standing in this safety zone, through which automobiles were not supposed to drive, a car ran around another car, and, traveling at a speed of from 25 to 30 miles an hour, negligently drove through the safety zone, striking the appellant, seriously injuring her as well as a number of other persons.

Appellant brought suit against S. B. Harper and Marshall Yantis, partners in business, operating under the firm name of Yantis-Harper Tire Company, and Robert Tolliver, a colored employee of the firm, on the theory that the car inflicting the injuries belonged to the partnership and was driven by the defendant, Tolliver, while engaged in his employment as the servant of the partnership. Tolliver denied striking the appellant, and, in addition to this defense, Yantis-Harper Tire Company defended upon the ground that Tolliver was not in their service at the time of the injury, if in fact he caused such injury.

On the trial of the cause in the court below a verdict was returned under the direction of the court against the appellant, the plaintiff, in favor of defendants, Yantis and Harper. After the direction of the court, and before the submission, plaintiff took a nonsuit as to Tolliver and prosecutes her appeal from the verdict and judgment in the court below, assigning as error the action of the court in directing a verdict against her.

The action of the court was doubtless predicated on the theory that the evidence failed to show either that the car causing the injury was operated by Tolliver, or, if so, that, Tolliver at the time was in the employ of the defendant partners. In testing the correctness of the court's conclusion under our settled rule, the testimony must be viewed in the light most favorable to the plaintiff, together with all the inferences properly deducible therefrom, and the allegations of the complaint should have been submitted to the jury, if there was in the entire testimony any substantial evidence, either direct or circumstantial, tending to support the same.

The testimony on the part of the defendant was to the effect that Tolliver was regularly employed by Yantis-Harper Tire Company and had been so employed for several years; that he worked by the day and was paid by the day, and only paid when he worked. Tolliver testified that he was not employed on the day of the injury to the appellant, and his testimony was corroborated by that of the cashier and timekeeper of the partnership, who gave testimony to the same effect as did other employees of the company. Their testimony was also to the effect that, shortly before the occurrence in question, Tolliver was loaned the use of one of Yantis-Harper's cars for the sole purpose of permitting Tolliver to go to his home to get a raincoat which he wanted for his own use, and that the use of the car had no relation whatever to any service performed for Yantis-Harper Tire Company, or any connection with their business, and had no relation to any duty of Tolliver as an employee of the part-

nership. In addition to the testimony relative to Tolliver's employment and his use of the car, Tolliver testified that the car in which he was driving was not the one which caused the injury, and that he was traveling in a careful manner and had injured no one.

It was upon the testimony above narrated that the action of the court was based in directing a verdict for the defendants, Yantis and Harper. In testing the weight and sufficiency of this evidence to support the action of the trial court, as stated in the case of *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52: ''It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony, or from which an inference may be drawn unfavorable to his testimony, or against the fact testified to by him, then the case should go to the jury.''

Now, the evidence stated above was not all the evidence in the case. There was evidence to the effect that Tolliver was a regular employee of the partnership, and had been such for a number of years; that a part of his duties was to deliver gasoline, tires and other commodities and to answer service calls over the city; that for the performance of these duties he was furnished a service truck, the property of the partnership, and that his negligent operation of this vehicle caused the injury to the plaintiff. The law applicable to this state of facts has been so frequently considered by us that it may be treated as settled. In the recent cases of *Hunter* v. *First State Bank of Morrilton,* 181 Ark. 907, 28 S. W. (2d) 712; *Andrews* v. *Boone,* 181 Ark. 1061, 29 S. W. (2d) 284, and *Mullins* v. *Ritchie Grocer Company, ante* p. 218, the au-

thorities from our own and other jurisdictions are reviewed. No useful purpose would be served by again reviewing them. In *Mullins* v. *Ritchie Grocer Company, supra,* it was said: "The doctrine is settled in this State that, if the automobile causing the accident belongs to the defendant and is being operated at the time of the accident by one of the regular employees of the defendant, there is a reasonable inference that at such time he was acting within the scope of his employment and in the furtherance of his master's business. The inference or presumption of fact, however, may be rebutted or overcome by evidence adduced by the defendant during the trial. Where the evidence on this point is contradictory, the question is one for the jury. Where the facts are undisputed and uncontradicted, it becomes a question for the court."

It is argued, however, that the inference or presumption which may have arisen from the fact that the car causing the injury was the property of appellee and driven by one of its regular employees was overcome by the testimony on behalf of the defendants, that the testimony of their witnesses was uncontradicted, and that the verdict based on this evidence was properly directed. But, as we have often said, the presumption arising which we are now considering is not one of law but of fact to be deduced from all the testimony, and the question as to whether it has, or has not, been overcome is equally a question for the jury. The vehicle which caused the injury was identified a few minutes after the accident in the place of business of the partnership by a witness, one Hagar, who followed the car immediately as it left the scene of the accident to the place of business of the appellees, and there met Tolliver, the driver, who came out on the walk as witness arrived, and asked, "What's the matter—did I hit some one down there?" Witness stated that Tolliver made the further statement that he had been away to get or deliver a package. The testimony concerning the remarks of Tolliver was objected to as

being incompetent as against Yantis and Harper. It is admitted, however, that the testimony concerning the statement made by Tolliver was admissible against him, but it is insisted that it was not admissible and should not be considered in connection with the liability of Yantis and Harper for the reason that it was not a part of the *res gestae,* and that it was improper to prove any act or declaration of Tolliver as tending to show his agency or employment.

The rule is settled that the declarations of an employee as to who was responsible for an injury, made after its occurrence, is incompetent as against his employer for the reason that his employment does not carry with it authority to make declarations or admissions at a subsequent time as to the manner in which he had performed his duties of employment. *River R. & H. Const. Co.* v. *Goodwin,* 105 Ark. 247, 151 S. W. 267; *Stetcher Cooperage Works* v. *Steadman,* 78 Ark. 381, 94 S. W. 41; *Caldwell* v. *Nichol,* 97 Ark. 420, 134 S. W. 622; *Pfeifer Stone Co.* v. *Shirley,* 125 Ark. 186, 187 S. W. 930; *Williams* v. *Elrod,* 128 Ark. 207, 193 S. W. 514; *Webb* v. *K. C. So. Ry. Co.,* 137 Ark. 107, 208 S. W. 301; *Frolich* v. *Hicks,* 143 Ark. 565, 222 S. W. 373; *St. L.-S. F. Ry. Co.* v. *Vernon,* 162 Ark. 226, 258 S. W. 126. But that rule does not render this testimony incompetent. It is to be remembered that one of the issues in the case was the question of fact as to whether or not Tolliver was the driver of the car causing the injury. He denied that he was. The testimony therefore was competent to identify him, and no error was committed in admitting such testimony, even when it is assumed that it was so remote in time after the happening of the event as not to be a part of the *res gestae.*

It is also to be observed that the witnesses testifying as to the facts upon which the appellees relied were all employees of the partnership, and in their examination, while all testified on a certain date which they named Tolliver was not employed by his co-defendants, that date, as fixed by some of the witnesses, did not correspond

with the date of the injury to the appellant. From these facts the jury might have found that the testimony of these witnesses was biased by the relationship they sustained to the partnership, and from the discrepancies in their testimony and the attendant circumstances of the injury, the jury might have drawn an inference unfavorable to their testimony and against the facts testified to by them. We therefore think that, under the rule announced in *Skillern* v. *Baker, supra,* and *Mullins* v. *Ritchie Grocer Company, supra,* there was a case made which should have gone to the jury. It follows that the judgment of the trial court must be reversed, and the cause remanded for a new trial. It is so ordered.