## HEALEY v. COCKRILL.

## Opinion delivered March 25, 1918.

1. MASTER AND SERVANT—NEGLIGENCE—SCOPE OF EMPLOYMENT—PRIVATE UNDERTAKING OF SERVANT.—A master is not liable for the negligent act of his servant while the latter is pursuing his own course, after a complete abandonment or suspension of the service of the employer's business.

2. MASTER AND SERVANT—NEGLIGENCE—LIABILITY OF MASTER—PRIVATE BUSINESS OF SERVANT—ABANDONMENT OF MASTER'S BUSINESS.—If a servant completely turns aside from the master's business, and pursues business entirely his own, the master is not responsible for the servant's negligent acts done while pursuing his private business; but the master will be liable if the servant, while engaged in the master's business, performs it contrary to instructions or without express authority as to the particular manner of doing the work.

3. MASTER AND SERVANT—NEGLIGENT ACT OF SERVANT DRIVING AUTOMOBILE—FROLIC OF HIS OWN.—Appellee, the owner of an automobile, ordered her servant to bring her automobile from her garage to the front of her residence, which merely required the servant to drive around three sides of the same square in a city; instead of obeying orders, the servant drove from the garage to a drug store some blocks distant, stopped the automobile, alighted, purchased himself some cigarettes, and returning to appellee's house, negligently ran into and injured the appellant. *Held*, the servant had gone aside, completely from his employment, and that the appellee was not liable for his acts of negligence while he was thus attending to his own affairs.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*Price Shofner, J. I. Trawick* and *G. T. Owens*, for appellants.

1.   It was error to instruct a verdict for appellee. The employer is liable for the acts of his servant.   A slight detour or deviation, even for a purpose of his own, does not relieve the master from liability.   The servant was acting within the scope of his authority.   111 Ark. 212. Unless the deviation or detour is unusual, the master is liable.   27 L. R. A. 161; 27 *Id.* 161; 100 S. W. 511; 76 Atl. 219; 164 S. W. 236; 144 Pac. 1133; 61 So. 374; 9 L. R. A. (N. S.) 1033; 96 Ark. 365; 62 *Id.* 116; 153 Pac. 219.

2.   Whether the servant was acting within the scope of his employment, or not, was a question for the jury. 75 N. J. L. 240; 67 Atl. 188; 164 S. W. 236; 100 N. E. 1006.

3.   There was error in refusing to permit counsel to interrogate the servant as to his using the car on previous occasions.   105 N. E. 1552; 100 *Id.* 1006.

4.   The court erred in its refusal to instruct a jury as requested.   70 L. R. A. 627.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellee.

1.   This case falls squarely within the rule in 111 Ark. 212; 93 *Id.* 398.

2.   A verdict was properly instructed.   131 Pac. 1165; 93 Ark. 398; 82 Atl. 388; 124 N. W. 1016; 71 Atl. 535; 66 *Id.* 525; 111 N. E. 646; 183 S. W. 217; 153 N. W. 753; 108 N. E. 853; 88 Atl. 134; 60 *Id.* 506; 75 *Id.* 102; 88 *Id.* 973; 170 S. W. 403.

3.   There was no prejudicial error.   73 Ark. 410; 97 *Id.* 567; 123 *Id.* 554; 126 *Id.* 617.

McCULLOCH, C. J.   Appellants were plaintiffs below in two separate actions instituted against appellee to recover damages on account of injuries resulting from a collision between an automobile in which appellants were riding and another automobile owned by appellee and driven by her servant.   The two actions were consolidated and tried together, and after all the testimony had been introduced the court gave a peremptory instruction in favor of appellee.

The liability of appellee turns on the question whether or not the driver of her car was, at the time of the collision, acting within the scope of his employment, or whether he had completely abandoned the business of the employer and was acting entirely for himself. There is no material conflict in the statements of the witnesses concerning that feature of the case. If, under the facts proved in the case, appellee was responsible for the acts of the driver of her car at the time the collision occurred, then the case should have gone to the jury, for the testimony was sufficient to establish negligence on the part of the driver. Appellant Grace was operating a jitney on Main Street in the city of Little Rock and was driving the car himself at the time of the collision under inquiry, and Mrs. Healey, the other appellant, was a passenger in the car. The evidence tended to show that appellant Grace was handling his car with care and was not responsible for the collision. As the jitney car came south on Main Street appellee's car, in charge of her driver, with no one else in it, came along Tenth Street at great speed approaching Main Street, and in crossing the street ran into the car occupied by appellants. Serious personal injuries were inflicted upon the occupants of the jitney car as well as damage to the car itself.

Appellee's residence was situated on the east side of Scott Street (the first street east of Main Street) about the middle of the block between Ninth and Tenth Streets. The garage on the premises was situated in the rear of the premises and opened out on the alley running north and south through the middle of the block. Louis Jordan, who was driving the car at the time appellant was injured, had been driving for appellee for some time, and whenever appellee needed the car she instructed the driver to bring it from the garage around to the front of the house on Scott Street. The customary route in obeying the orders to bring the car out was to drive into the alley from the garage and turn south to Tenth Street, thence west on Tenth to Scott, and thence north on Scott a half block to the front of the house. It is seen that in follow-

ing this route in the observance of the traffic rules it was not necessary to cross the street at any point, and that it is just a block around from the garage to the front of the house. On the day the collision occurred appellee notified the driver to get the car ready for her use on a pleasure drive and when the hour arrived for the trip, appellee called from the back door or window to the driver, who was then in the garage, to bring the car around to the front. The driver, instead of obeying the directions of his employer, and without her knowledge, went on a trip to a drug store to buy cigarettes before placing the car in front of appellee's residence in accordance with her instructions. He turned the car north on the alley and drove out into Ninth Street, thence west a block to a drug store on the north-west corner of Ninth and Main streets where he got out of the car and purchased cigarettes, and when he returned to the car he drove west a block to Louisiana Street, thence south a block to Tenth Street and thence east a block to Main Street where the collision occurred. The driver was, when the collision occurred, returning from his trip to the drug store on his own business and he intended at the end of the trip to put the car in front of his employer's residence in accordance with her instructions. General principles of law applicable to the facts of this case have been repeatedly stated by this court. In the case of *Little Rock & Fort Smith Ry. Co. v. Miles,* 40 Ark. 322, the court said: "The rule is firmly established that the master is civilly liable for the tortious acts of his servant, whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the line of his employment, even though the master did not authorize, or know of such acts, or may have disapproved of or forbidden them. But the act must be done not only while the servant is engaged in his master's service, but it must pertain to the particular duties of that employment." That language was quoted with approval by this court in the more recent case of *Robinson* v. *St. Louis, Iron Mountain & Southern Ry. Co.,* 111 Ark. 212, where we said: "An act is within the

scope of the servant's employment, where necessary to accomplish the purpose of his employment, and intended for that purpose, although in excess of the powers actually conferred on the servant by the master. The purpose of the act, rather than its method of performance, is the test of the scope of employment." And in *Sweeden* v. *Atkinson Improvement Co.,* 93 Ark. 398, we said: "The mere fact that he was in the service generally of the master or that the servant was in possession of facilities afforded by the master in the use of which the injury was done would not make the act attributable to the master. The act must have been done in the execution of the service for which he was engaged. And if the servant steps aside from the master's business to do an independent act of his own and not connected with his master's business, then the relation of master and servant is for such time, however short, suspended; and the servant, while thus acting for a purpose exclusively his own, is a stranger to his master for whose acts he is not liable."

(1-2)  According to the principles thus announced, appellee was not liable for the negligent act of her servant while pursuing his own course after a complete abandonment or suspension of the service on his employer's business. If a servant completely turns aside from the master's business and pursues business entirely his own the master is not responsible. On the other hand, if he is engaged in the master's business, but performs it contrary to instructions or without express authority as to the particular manner of doing the work, the master is liable. Much is said in the adjudged cases about the doctrine of slight deviations or "detours" made by the servant in performing his master's business, and the rule seems to be settled by the weight of authority that where the servant is pursuing the general course necessary to accomplish the purposes involved in his master's business the responsibility of the master is not lessened by the fact that the servant for purposes of his own deviates from the route to be pursued or the particular method to be observed in performing the service. The fact that the

servant acts also for himself, while performing service for his employer and in doing so, diverts from the usual route or method of performing the service, will not exonerate the employer from responsibility for misconduct of the servant. Sometimes the extent of the deviation may be so slight, relatively, that as a matter of law it can be said that it does not constitute a complete departure from the master's service, while under other circumstances the deviation may be so marked that it can be said as a matter of law that it does constitute an abandonment of the master's service, while under still other circumstances the deviation may be so uncertain in extent or degree that it leaves a question of inference to be drawn by a trial jury as to whether or not there has been such an abandonment as to relieve the master from responsibility for the servant's act. The rule on this subject is stated by the Connecticut Court of Appeals in *Ritchie* v. *Waller*, 63 Conn. 155, 27 L. R. A. 161, which seems to be a leading case on the subject, as follows:

"In cases where the deviation is slight and not unusual, the court may and often will, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremes will be regarded as involving merely a question of fact, to be left to the jury or other trier of such questions."

Other cases which shed light on this rule with especial force are the following: *Provo* v. *Conrad,* 130 Minn. 412, 153 N. W. 753; *Fleischner* v. *Durgin,* 207 Mass. 435, 33 L. R. A. (N.S.) 79; *Eakin's Admr.* v. *Anderson,* 169 Ky. 1, 183 S. W. 217; *Luckett* v. *Reighard,* 248 Pa. St. 24.

This rule is very correctly stated by the Massachusetts court in the case cited above as follows: "The master is liable for the act of a servant in charge of his vehicle when the latter is acting in the main with the master's express or implied authority, upon his business, and in the course of the employment, for the purpose of doing

the work for which he is engaged. The master is not liable if the servant has abandoned his obligations, and is doing something not in compliance with the express or implied authority given, and is not acting in pursuance of the general purpose of his occupation, or in connection with the doing of the master's work. Under this rule the employer has been held responsible for wrongs done to third persons by his driver during incidental departures from the scope of the authority conferred by the employment, and upon comparatively insignificant deviations from direct routes of travel, but within the **general penumbra** of the duty for which he is engaged. * * * He was acting in disregard of his instructions, and wholly outside his employment, and for a purpose having no relation, even remote, to the business of the master. The extent of the excursion which he undertook on his own account was so disproportionate to the length of the route he was authorized to go that it cannot be minimized to a deviation. It was in fact the chief journey.''

(3) We do not think that the facts of the present case bring it within the rule of slight deviation from the employer's service, or a mere incidental departure from the service to mingle it with purposes of the servant's own, but that it is a case of complete abandonment or departure from the employer's business and a stepping aside wholly for the servant's own purpose. The distance traveled by the servant in going upon his own errand was not very great, but it was considerably out of proportion with the distance necessary to travel in obeying the instructions of his employer. In other words, the relative distance was too great to be called a slight deviation, and the departure from the line of duty was so complete that the connection with the employer's service was completely broken. In order to perform the employer's service it was unnecessary for the servant to leave the immediate proximity of the employer's premises. He did not even have to cross any of the streets, but his journey from the back of the premises to the front was merely to follow the same side of the street half way around the

block. Instead of following that course, the servant left the premises entirely and went off on an errand of his own to purchase an article for his private use, and in order to make that trip in observance of the traffic rules, it was necessary for him to travel the distance of six and one-half blocks in getting back to the front of his employer's residence. The servant, in leaving the premises in order to make the trip to the store, was not mingling his own business with that of his employer, but he was stepping aside entirely from the employer's business to go on an errand of his own, and this is true even though he intended to dispose of the car, on his return, in accordance with the employer's direction.

We think that the facts present clearly a case of a complete departure from the employer's business, and that the court was correct in holding as a matter of law that the facts shown excluded all elements of responsibility on the part of appellee for the unauthorized act of her servant. The judgment of the court is, therefore, affirmed.