CAMPBELL BAKING COMPANY v. CLARK.

Opinion delivered December 19, 1927.

MASTER AND SERVANT—LIABILITY OF MASTER FOR SERVANT'S NEGLIGENCE.—Where an agent, driving a truck over a route for the purpose of delivering and selling merchandise, in returning to the principal's place of business, towed an automobile of his own accord, and at an intersection skidded the truck through a filling station, causing the car being towed to strike plaintiffs' car and injure plaintiffs, *held* that the principal was liable, since, although he exceeded his authority, he had not, as a matter of law, completely abandoned the principal's business.

Appeal from Grant Circuit Court; *Thomas E. Toler,* Judge; affirmed.

*Buzbee, Pugh & Harrison,* for appellant.

*J. S. Utley* and *George A. McConnell,* for appellee.

HUMPHREYS, J. This is an appeal from judgments rendered in two cases, consolidated for the purposes of trial, in favor of Mabel Clark for $1,000 on account of injuries received when the car she was driving was struck by a Dodge sedan car being towed by appellant's truck, and in favor of W. W. Clark for damages resulting to his car, loss of service of his wife, and expenditures for medical and hospital bills incurred on account of his wife's injuries.

Appellant contends for a reversal of the judgments upon the sole alleged ground that it is revealed by the undisputed evidence in the record that the driver of the truck had stepped aside from the line of his duties for appellant, and was no longer appellant's agent at the time of the injury.

As one question is presented for determination on appeal, it will only be necessary to make a brief statement of the facts.

On the 28th day of September, 1926, the day of the collision and injury of Mrs. Clark and W. W. Clark's automobile, appellant had sent John Biggers down to Benton and Malvern to sell and deliver bread and other merchandise, in one of its delivery trucks, from its place of business on 14th and Main Streets, in Little Rock, Arkansas. Biggers sold the merchandise and collected for it, receiving both his salary and a commission on the sales. In performing his duties he followed a regular route in going and coming. On his return trip he allowed W. W. Shoemaker, for whom he had formerly worked, to attach a large Dodge sedan, that would not run by its own power, to the truck with a tow-chain, and was towing it into Little Rock on his regular route at the time of the collision. He was returning to appellant's garage to put the truck away, and to appellant's bakery to report and account for the day's business. He was

forbidden to haul passengers, and was not authorized to tow dead or disabled cars into the city.  He received no pay for towing the car in on behalf of appellant, but accepted a tip for his own personal use from Mr. Shoemaker.  He made no report of having received the tip to appellant.  He was driving the truck at a rapid rate of speed on Wright Avenue as he approached Wolfe Street.  At the intersection of the two streets he ran the truck, or rather skidded it, in an effort to check the speed, through a filling station in which the Clark car was standing and which Mrs. Clark was driving.  He ran in front of the Clark car with the truck, missing it, but the sedan swerved, breaking the tow chain, and struck the Clark car, greatly damaging it and injuring Mrs. Clark.

Appellant contends for a reversal of the judgments upon the theory that Biggers had completely abandoned the service of appellant and was acting entirely for himself in towing the Dodge sedan that struck the Clark car.  This might be true if he had changed his regular route in order to render the service to another and for the time had ceased to perform services for his regular employer; but, where the service rendered to a third party was only an incident to the prosecution of his duties to his employer, it cannot be said that he had completely abandoned his employer's business.  In the instant case Biggers was driving the truck on his regular route at a reckless rate of speed, at the time of the collision, in order to get back to the garage and to report to appellant.  As we understand the law applicable to cases of this character, although an agent may exceed his authority to the extent even of violating instructions, if, at the time, he is engaged in the business he was employed to perform by his regular employer, his employer would be responsible for injuries resulting from his torts.  The exemption from liability on the part of an employer, under the doctrine of *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229, L. R. A. 1918B, 115, and *Bizzell* v. *Hamiter,* 168 Ark. 476, 270 S. W. 602, can only

be invoked where the employee has turned completely aside from his employer's business to attend to business entirely his own. This court said in the Cockrill case, *supra*:

"If a servant turns completely aside from the master's business and pursues business entirely his own, the master is not responsible. On the other hand, if he is engaged in the master's business, but performs it contrary to instructions or without express authority as to the particular manner of doing the work, the master is liable. * * * Sometimes the extent of the deviation may be so slight, relatively, that as a matter of law it can be said that it does not constitute a complete departure from the master's service, while, under other circumstances, the deviation may be so marked that it can be said as a matter of law that it does constitute an abandonment of the master's service, while, under still other circumstances, the deviation may be so uncertain in extent or degree that it leaves a question of inference to be drawn by a trial jury as to whether or not there has been such an abandonment as to relieve the master from responsibility for the servant's act."

We cannot say as a matter of law, under the circumstances of the instant case, that there was a complete abandonment of appellant's business by Biggers at the time of the collision.

No error appearing, the judgments are affirmed.