RICKS *v.* SANDERSON.

4-2561

Opinion delivered May 16, 1932.

*Arnold & Arnold,* for appellant.

*Will Steel,* for appellee.

McHANEY, J. Appellee sued appellant and K. E. Green to recover damages done to her automobile by reason of a collision between her car driven by her daughter and the car of appellant driven by said Green. The collision occurred on May 28, 1931, at 5th and Walnut streets in the city of Texarkana. A trial resulted in a verdict and judgment for appellee against appellant and Green in the sum of $125. Green has not appealed.

At the conclusion of the testimony appellant requested the court to direct a verdict in his favor on the ground that he had loaned his car to said Green, and that said Green was not in his employ, was attending no business for him, but was on a mission of his own, in which appellant was not interested in any way. The court refused such request, and this is assigned as error and urged for a reversal of the case. In view of the decision we make on this point, that is whether Green was the agent of appellant in the operation of his car, we do not discuss the negligence of Green in the operation of the car.

The facts necessary to a decision of this point are that one Webb was the owner of an airplane, which was located in a garage near the airport out of Texarkana, which was undergoing some repairs and that Green had been piloting the airplane and was the mechanic making the repairs. He desired to get some material, cork, from

the ice plant and take it out to the garage where the airplane was, to be used on the step or wane, to keep one's foot from slipping when getting in the airship. Green went to the place of business of Mr. Mimms to borrow his automobile for such purpose, Mimms having formerly been a partner with Webb in the ownership of the airplane, but at that time no longer interested, having sold out to Webb. Mimms was unable to lend him the car at the time and suggested that he borrow appellant's car which was standing in front of Mimms' place of business. Appellant agreed to lend him the car, but desired to be taken to a picture show first. Green took appellant to the picture show, went on to the ice plant, secured the cork and had started out to the garage in the borrowed car when the accident occurred with appellee's car. Mimms agreed to take Webb out to the garage later to get his car. The judgment is sought to be sustained by reason of the testimony of one Harris, a deputy sheriff, who served the summons on appellant when he was sued, and who claimed to have had some conversation with appellant at the time of service. Harris' recollection of the conversation between him and appellant regarding the loan of the car to Green was very indistinct and uncertain. According to his recollection of the conversation between him and appellant at the time of the service of the summons upon appellant, he said: "Well, Green drove the car, took him to the picture show, and drove it the whole route, as I understand it, in taking him to the picture show, and then was going back and coming back after him." The whole substance of the witness' testimony relating to the conversation with appellant is that Green borrowed appellant's car, took him to the picture show, and was then to take something out to the garage near the airport, and later was to come back for appellant. Nowhere does he testify that in going out to the airport or to the garage near the airport Green was on a mission for appellant. The undisputed testimony is that, after Green took appellant to the picture show, he used the car on a mission of

830

his own, or that of his employer, Webb, a matter in which appellant had not the slightest interest, and in performing this service he was not the agent of appellant, even though it be conceded that there is some testimony to the effect that, after delivering the cork to the garage for the repair of the airplane, he was to come back and get appellant at the picture show or deliver the car to him anywhere else. The fact remains that he was on no business of appellant, and the relation of master and servant or principal and agent did not exist. The undisputed testimony is that Green was not in the employ of appellant and had never been. The court should have directed a verdict in appellant's favor. *Healey* v. *Cockrill*, 133 Ark. 327, 202 S. W. 229, L. R. A. 1918D, 115; *Hunter* v. *First State Bank of Morrilton*, 181 Ark. 907, 28 S. W. (2d) 712.

The result of our views is that there is no substantial testimony to support the verdict and judgment, and that the court should have granted appellant's request for a peremptory instruction, and erred in refusing to do so. The judgment will therefore be reversed, and, as the case seems to be fully developed, it will be dismissed.