REID *v.* WOODS

4-4320

Opinion delivered June 22, 1936.

*Fred M. Pickens,* for appellant.
*Buzbee, Harrison, Buzbee & Wright,* for appellee.

SMITH, J. Appellee Woods recovered a judgment against W. A. Eldred and Lee Reid, from which only Reid has appealed, to compensate an injury, which appellee sustained, resulting from a collision of an automobile in which he was riding with another car owned by Reid, but being driven by Eldred. For the reversal of this judgment only one error is assigned and argued; and that is that the testimony does not show that Eldred, at the time of the collision, was the agent of Reid, or that Eldred was acting within the scope of his agency.

The testimony stated in the light most favorable to plaintiff, appellee, is to the following effect. Reid is the sheriff of Jackson county, and his duties as such required him to make a trip to Hattiesburg, Mississippi, to pick up a prisoner at that place. Reid took Eldred with him on long trips to help drive, as Eldred was a good driver. It is not usual for one man to go anywhere alone after a prisoner; and Eldred was carried along to drive.

Reid visited Woods in the hospital after the collision, and stated to him that Eldred was a deputy; and that he and Eldred were on their way to Mississippi to get a prisoner, and that he carried Eldred with him to look after the car.

Reid, accompanied by Eldred, drove the car from Newport to Little Rock, a distance of 90 miles, where they arrived about 9 a. m. Reid was in Little Rock to testify before the Federal Grand Jury, and to attend to some other business. Eldred borrowed the car to go out to his sisters for dinner. It was agreed that Reid and Eldred would meet again at 8 a. m., the following day and resume their journey, a distance of 400 miles from Little Rock. With this understanding Eldred drove away in the car at 5:30 p. m., to his sister's home. This was purely a social visit with which Reid had no concern. After borrowing the car, for the purpose of making this visit, Eldred drove it to the home of his sister who told him that their brother, a city fireman, had a poisoned hand. They went for this brother and brought him to their sister's home. After dinner Eldred was driving his brother back to the fire station, where he was em-

ployed, and while on the way there the collision occurred in which appellee was injured.

The agency of Eldred as Reid's chauffeur ceased at 5:30 p. m., and had not been resumed when the collision occurred. The effect of the undisputed testimony is to establish the fact that Reid had loaned his car to Eldred to use for a purpose having no relation to his agency, to make a social visit, with which Reid had no concern.

In 5, Blashfield's Cyc. of Automobile Law, a section numbered 3025 entitled "Loan of Automobile to Servant," extending from page 165 to page 170, states the law to be that "Under the general rule a loan of a machine does not carry with it responsibility for the negligence of the borrower, where a servant, while not engaged in the master's business, and during a time when he is free to engage in his own pursuits, uses the master's automobile for his own purpose, and while so using it negligently injures another by its operation, the master is not liable, no statute so prescribing, although such use is with the knowledge and consent of the master."

If this is a correct statement of the law, there can be no recovery against Reid. That it is a correct statement of the law appears from the numerous cases cited in the note to the text quoted.

We have a number of automobile cases which support the principle of law upon which the quoted statement is based. Among others, the following: *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229; *Volentine* v. *Wyatt,* 164 Ark. 172, 261 S. W. 308; *Bizzell* v. *Hamiter,* 168 Ark. 476, 270 S. W. 602; *Cahill* v. *Bradford,* 172 Ark. 69, 287 S. W. 595; *Campbell Baking Co.* v. *Clark,* 175 Ark. 899, 1 S. W. (2d) 35; *Keller* v. *White,* 173 Ark. 885, 293 S. W. 1017; *Hunter* v. *First State Bank,* 181 Ark. 907, 28 S. W. (2d) 712; *Southwestern Bell Telephone Co.* v. *Roberts,* 182 Ark. 211, 31 S. W. (2d) 302; *Mullins* v. *Ritchie Gro. Co.,* 183 Ark. 218, 35 S. W. (2d) 1010; *Casteel* v. *Yantis-Harper Tire Co.,* 183 Ark. 475 and 912, 36 S. W. (2d) 406, 39 S. W. (2d) 306; *Featherston* v. *Jackson,* 183 Ark. 373, 36 S. W. (2d) ·405; *Ricks* v. *Sanderson,* 185 Ark.

828, 49 S. W. (2d) 604; *Richards* v. *McCall,* 187 Ark. 61, 58 S. W. (2d) 432.

We conclude, therefore, that Reid was not responsible for Eldred's negligent driving of the borrowed automobile, which was being used for a private and personal purpose having no relation to Eldred's agency; and, as the case has been fully developed, it must be dismissed, and it is so ordered.