WHITE *v.* SIMS.

4-8169                                    201 S. W. 2d 21

Opinion delivered April 14, 1947.

*W. M. Lee,* for appellant.

*J. J. Screeton, Cooper Thweatt* and *John D. Thweatt,* for appellee.

ROBINS, J. Appellants, injured in a collision between the automobile in which they were riding and a truck owned by appellee, which was parked on the highway, brought separate suits against appellee, alleging that their injuries were caused by appellee's negligence and seeking recovery of damages therefor. The complaints were substantially the same and the suits were consolidated by the lower court.

On demurrers of appellee the lower court held that the complaints did not set forth facts sufficient to show liability of appellee, and, appellants refusing to plead further, judgment dismissing the complaints was entered. To reverse that judgment this appeal is prosecuted.

The portion of the complaints by which, as appellants urge, liability is asserted against appellee is: That when

the collision occurred "one Charlie Boy Thompson was in a drunken stupor and under the steering wheel of said truck; that said driver of said truck was obviously in an intoxicated condition and was unaware, due to his drunkenness, of any of his actions; that said driver of said truck was taken into custody by law enforcement officials and a partially emptied bottle of whiskey was taken from beside said driver of said truck while he was still in said truck.

"That the said Charlie Boy Thompson, driver of said truck, was a known and habitual drunkard and was also at the time of the accident crippled to such an extent that he had to use crutches to walk; that the said Charlie Boy Thompson was the son of Oat Thompson and was staying in the house with Oat Thompson at the time of this accident and was working during the day, when weather permitted, for the defendant herein. Said Charlie Boy Thompson was employed by said defendant herein as his agent, servant or employee to drive the truck for said defendant during rice harvesting season; that the said Oat Thompson was employed by said defendant herein and placed in charge of harvesting defendant's rice crop; that said Oat Thompson knew and was well acquainted or should have known and been acquainted with the habits of his son, Charlie Boy Thompson, and that his negligence while in the employment and in the course of his employment of said defendant in placing the defendant's truck in such a place and in such a manner that he knew or should have known that his son would take said truck was the proximate and a contributing cause of this accident between plaintiff and defendant's truck; that said Oat Thompson kept said truck at his home and had access to and was in charge of said truck at all times, both day and night, and that he negligently, carelessly and unlawfully and without regards of the rights of others, and while in the employment of said defendant left said truck accessible to his son, Charlie Boy Thompson, whom he knew or should have known would take said truck while in an intoxicated condition.

"That the defendant through his agent, servant or employee was negligent and that such negligence was the

direct and proximate cause of damages below mentioned suffered by this plaintiff.''

It will be seen that the negligence asserted in the complaints, upon which recovery against appellee was sought, was the negligence of appellee's servant, Oat Thompson, in leaving the truck ''accessible'' to his son, Charlie Boy Thompson, when he should have known that Charlie Boy would drive said truck while intoxicated.

Principal reliance of appellants is our decision in the case of *Chaney* v. *Duncan,* 194 Ark. 1076, 110 S. W. 2d 21. The doctrine of that case is epitomized in headnote 5 as follows: ''If any one permits another to drive his car, knowing such one to be a reckless or careless driver, or knowing that he is in the habit of becoming' intoxicated and driving in that condition, he will be liable for any injury caused by the negligence of such driver.''

We have no such situation in the case at bar. In that case the owner of the car was held liable for permitting his drunken son to drive the car to another's injury. In this case the owner is not charged with having permitted a drunken person to drive his car, but we have here an effort to hold the owner liable for the alleged negligence of the owner's servant in making the truck ''accessible'' to a drunken driver.

It is axiomatic that before a master may be held liable for the negligent act of his servant such act must be in the scope of employment of such servant. We have frequently held that the owner of a car is not liable for an injury negligently inflicted by the owner's servant while driving the car on a mission of his own. The basis of the holding in such cases is that the servant, at the time of the injury, is not doing work which the master has authorized him to do, and, therefore, for the time being, is not in reality the master's agent. ''The act of the servant for which the master is liable must pertain to something that is incident to the employment for which he is hired, and which it is his duty to perform, or be for the benefit of the master.'' *Sweeden* v. *Atkinson Improvement Company,* 93 Ark. .397, 125 S. W. 439, 27

L. R. A., N. S. 124; *Carter Truck Line* v. *Gibson,* 195 Ark. 994, 115 S. W. 2d 270.

In the case of *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229, we held that where a chauffeur, being directed by the owner to drive her car from her garage to the front of the owner's residence, drove the automobile on a mission of his own a distance of several blocks and while returning to his master's residence negligently injured another person, the owner was not liable for such injury; and we quoted from our opinion in the case of *Sweeden* v. *Atkinson Improvement Company, supra,* as follows: " 'The mere fact that he was in the service generally of the master or that the servant was in possession of facilities afforded by the master in the use of which the injury was done would not make the act attributable to the master. The act must have been done in the execution of the service for which he was engaged.' "

We held in the case of *Thomas* v. *Magnolia Petroleum Company,* 177 Ark. 963, 9 S. W. 2d 1, that the lower court properly sustained a demurrer to a complaint against an oil company which alleged that the driver of one of the company's trucks, on a trip for the company, invited appellant, a boy, to ride with him and by negligent operation of the truck injured appellant. We said in that case that, since it was not alleged that the driver had authority from the company to invite appellant to ride, no liability against the company was shown.

In the case of *Hough* v. *Leech,* 187 Ark. 719, 69 S. W. 2d 14, the appellee had been awarded in the lower court a judgment against J. D. Hough and H. M. Hough for the negligent shooting of her husband. J. D. Hough owned a store and his son, H. M. Hough, worked for him therein. While J. D. Hough had gone to lunch H. M. Hough secured a pistol and negligently shot appellee's husband. In denying recovery against the elder Hough the court, in that case, said: "In the instant case the act was committed during the existence of the employment, but it was certainly not committed in the prosecution of the master's business. It had no connection with the master's business."

Holding, in the case of *Reid* v. *Woods*, 192 Ark. 884, 95 S. W. 2d 637, that a sheriff who loaned his automobile to his deputy, to be used in making a visit to the deputy's sister, and having no connection with his business as deputy sheriff, was not responsible for an injury caused by negligent operation of the car, we quoted with approval the following from Blashfield's Cyc. of Automobile Law, § 3025: " 'Under the general rule a loan of a machine does not carry with it responsibility for the negligence of the borrower, where a servant, while not engaged in the master's business, and during a time when he is free to engage in his own pursuits, uses the master's automobile for his own purposes, and while so using it negligently injures another by its operation, the master is not liable, no 'statute so prescribing, although such use is with the knowledge and consent of the master.' "

We stated, in the case of *Lindley* v. *McKay*, 201 Ark. 675, 146 S. W. 2d 545, (headnote 4) the applicable rule as follows: "The act of the servant for which the master is liable must pertain to something that is incidental to the employment for which he is hired and which it is his duty to perform or be for the benefit of the master."

Even where the servant, in whose charge the master had placed a truck to be used by the servant as a driver-salesman, took the truck, driving it, while he was drunk, on a mission of his own, and negligently injured another, it was held in *Fooks* v. *Williams*, 205 Ark. 119, 168 S. W. 2d 193, that the owner was not liable for such injury.

If we should hold that the allegations of the complaints were sufficient to charge that appellee's servant impliedly permitted Charlie Boy to drive the truck, there is nothing in the complaints from which it may be deduced that either granting of such permission by Oat Thompson or making the truck "accessible" to Charlie Boy was within the scope of Oat's employment.

An automotive vehicle is not an inherently dangerous instrumentality. *Hunter* v. *First State Bank*, 181 Ark. 907, 28 S. W. 2d 712. Therefore, no liability could be

imputed to appellee merely because he or his servant did not take precautions to prevent the improper use of his truck by an unauthorized and incompetent person.

The complaints did not charge appellee himself with any actionable negligence, and the acts or omissions charged as negligence against appellee's servant were not acts or omissions occurring in the scope of the servant's employment so as to render appellee answerable therefor. The lower court properly sustained demurrers to the complaints.

Affirmed.