Moore $v$: Coit, et al.

5-566 274 S. W. 2d 651

Opinion delivered January 24, 1955

*Botts & Botts,* for appellant.

*Peyton D. Moncrief, Virgil Roach Moncrief* and *John W. Moncrief,* for appellees.

Ed. F. McFaddin, Associate Justice. This case stems from a traffic mishap. The plaintiffs, Coit et al, alleged, *inter alia,* that the defendants, Lowell Moore and Eugene W. Moore (partners in Moore Motor Co.), entrusted their automobile, for purpose of operation, to certain named bailees; that the defendants ".... were then and there fully aware of the intoxicated state and condition ...." of such bailees; and that said bailees, while so intoxicated, negligently and wrongfully drove the Moore automobile into a car occupied by the plaintiffs, resulting in the plaintiffs' injuries and damages. Trial to a Jury resulted in a verdict and judgment against Lowell Moore but with no verdict against Eugene W. Moore or Moore Motor Co.

On this appeal only two points are argued; and these relate to (a) venue, and (b) refusal of certain requested instructions.

I. *Venue.* By Act 63 of 1913 Arkansas County was divided into two Districts — Northern and Southern.

The effect of the Act[1] was, that as regards the two Districts, venue should be determined as though each District were a separate county. In the case at bar the complaint did not allege in which District the plaintiffs or defendants resided, or in which District the transaction occurred by which the Moore car was entrusted to the intoxicated bailees. But the complaint did allege that the traffic mishap, occurred in the Northern District of Arkansas County.[2] The defendants moved that the complaint be made more definite and certain so as to allege (a) in which District the parties resided, and (b) in which District the act of bailment occurred. The motion was denied. Defendants then sought by demurrer to raise the issue of venue; and the demurrer was over-ruled.

We hold that the place of the traffic mishap may determine the venue. Act 314 of 1939, now found in § 27-610 Ark. Stats., provides:

"All actions for damages for personal injuries or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death, or in the county where the person injured or killed resided at the time of injury . . ."

Section 27-611 Ark. Stats. has similar venue provisions regarding actions for personal property damages.

It makes no difference in what district or county the bailment took place, because it is the place of the traffic mishap that fixes the venue in this case. The alleged liability of the defendants was predicated on (a) entrusting the car to a known incompetent driver, *and* (b) the negligence of such driver resulting in the plaintiffs' damage. The first act (entrusting the car) had to concur with the second act (negligence of the driver to the plaintiffs' damage) before the plaintiffs had a cause of action; and the occurrence of the second act fixed the

---

[1] For some cases involving this Act, see *Williams* v. *Montgomery*, 179 Ark. 611, 17 S. W. 2d 875; and *Murrell* v. *Exchange Bank*, 168 Ark. 645, 271 S. W. 21, 44 A. L. R. 1391. See also note to § 22-126, Ark. Stats.

[2] The complaint said that the point of collision was ". . . on hard-surfaced highway East of Stuttgart in Northern District of Arkansas County."

venue under our Statutes. In *Chaney* v. *Duncan,* 194 Ark. 1076, 110 S. W. 2d 21, we quoted from Berry on "Automobiles," 7th Ed., Vol. 4, p. 710, and said that liability rests not alone on the fact of ownership, but upon the combined negligence " . . . . of the owner in entrusting the machine to an incompetent driver, and of the driver in its operation".[3] Since the complaint alleged that the mishap occurred in the Northern District of Arkansas County, the Trial Court was correct, both in denying the motion to make more definite and certain, and in overruling the demurrer.

II. *Refusal of Requested Instructions.* The complaint alleged that the Moore Motor Co. was a partnership composed of Lowell Moore and Eugene W. Moore; and that Lowell Moore in the course of the partnership business, entrusted the partnership car to the intoxicated bailees. Eugene W. Moore testified that Lowell Moore was the sole owner of the car; and that neither Eugene W. Moore nor the Moore Motor Co. had anything whatsoever to do with the ownership of the car or the act of Bailment. The Court refused the defendants' instruction No. 21, which said in part:

"Gentlemen of the Jury: If you find that the automobile in controversy was the sole property of the defendant, Lowell Moore, and that Eugene W. Moore and Moore Motor Co. had nothing whatever to do with the loaning of said automobile or placing the same in the hands of (the intoxicated bailees) in any manner whatsoever, or for any purpose whatsoever, and that the defendants Eugene W. Moore and Moore Motor Co., did not own said automobile and had no control over the same and had nothing to do with the loaning of said automobile, . . . . then it is your duty under the evidence

---

[3] For other cases discussing the liability of an owner arising because of injuries committed by a known reckless driver to whom the owner entrusted the car, see *White* v. *Sims,* 211 Ark. 499, 201 S. W. 2d 21; *McAllister* v. *Calhoun,* 212 Ark. 17, 205 S. W. 2d 40; *Sanders* v. *Walden,* 214 Ark. 523, 217 S. W. 2d 357, 9 A. L. R. 2d 1040; and *Richardson* v. *Donaldson,* 220 Ark. 173, 246 S. W. 2d 551; and see also 5 Am. Jur. 696, "Automobiles," § 355; and Annotation in 168 A. L. R. 1364.

to find in favor of Eugene W. Moore and Moore Motor Co.''

It is claimed that the Court committed error in refusing to give this instruction and another one to similar effect. But our study leads us to the conclusion that any errors, that may have been committed in this regard, were and are harmless errors, *because the only judgment in this case is against Lowell Moore.*[4] Moore Motor Co. and Eugene W. Moore have been completely absolved from liability to the plaintiffs and cannot now complain about the refusal of the instructions. In *White* v. *Chaffin,* 32 Ark. 59, we held that a party could not complain about the court's refusal of an instruction if the jury found just as requested in the said refused instruction. That rule is applicable here. For other cases on error cured by verdict or judgment, see West's Ark. Digest ''Appeal and Error,'' Key No. 1068.

Neither can Lowell Moore complain of the refusal of the Court to give the said instructions, because they did not in any way relate to any issue regarding his liability. See 3 Am. Jur. 406, ''Appeal and Error'', § 867.

Affirmed.

---

[4] We have carefully checked the judgments on pages 13 and 14 of the transcript: there was a judgment that the plaintiff, Linda Louise Coit, ''. . . do have of and recover from the defendant, Lowell Moore, damages in the sum of $100.00 . . .''; there was a judgment that the plaintiff, Lucile Coit, ''. . . do have and recover of and from the defendant, Lowell Moore, damages in the sum of $200.00 . . .''; and there was a judgment that the plaintiff, Ed D. Coit, ''. . . do have and recover from defendant, Lowell Moore, damages in the sum of $2,250.00 . . .'' Each judgment carried with it the costs; but there was no judgment against Moore Motor Co. or Eugene W. Moore.