BULLOCK *v.* MINER.

5-796                                    286 S. W. 2d 328

Opinion delivered January 30, 1956.

*Donald Poe, Robert R. Brooksher,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

MINOR W. MILLWEE, Associate Justice.  Appellants, James Bullock and Shirley Jean Hall, are minors who, by their parents, brought separate actions against appellee, Joe Miner, to recover damages for personal injuries which they allegedly sustained on August 25, 1954, when a school bus in which they were riding was struck by appellee's truck on U. S. Highway 71 between Abbott and Mansfield, Arkansas.  Each complaint alleged that, at the time of the collision, appellee's truck was being operated by Franklin Richey as the agent, servant and employee of appellee and while acting within the scope of his agency or employment, all of which appellee denied.

The cases were consolidated for trial to a jury. After appellants presented their testimony bearing on the issue of Richey's agency for or employment by appellee at the time of the collision, but before they had introduced all their proof, the trial court denied appellants' motion for a non-suit and granted appellee's motion for a directed verdict in his favor.

In directing a verdict for appellee, the circuit judge found, as a matter of law, that Richey was not acting as the agent or servant of appellee at the time of the col-

lision and was not, therefore, liable for his negligent acts. Thus it is agreed that the primary issue here is whether there is any substantial evidence to warrant a jury finding that the driver, Franklin Richey, was acting as the agent or servant of appellee and within the scope of his agency or employment at the time of the collision. In testing the correctness of the court's action in peremptorily instructing the jury on this issue, the evidence adduced must be given its strongest probative force in favor of the appellants. As this court stated in *Barrentine* v. *Henry Wrape Co.*, 120 Ark. 206, 170 S. W. 328: ''In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed, and where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury.'' See also, *Pugh* v. *Camp*, 213 Ark. 282, 210 S. W. 2d 120.

At a pretrial conference it was admitted that appellee was engaged in the junk business at Boles, Arkansas, and owned the truck involved in the accident; that said truck was being driven by Richey and was partly loaded with scrap iron; and that Richey, at times previous to the accident, had been employed by appellee. At the trial Richey and appellee were called as witnesses by appellants. Richey testified that, on the morning of the accident, he drove his own car to the home of appellee at Boles to see if he could catch a ride with appellee to Ft. Smith where Richey desired to make some inquiry about his prospective employment at O'Roark's Body & Paint Shop. Appellee told Richey that he and his wife were going to Ft. Smith later in the day, but that Richey could drive appellee's truck, which was partly loaded with junk, to O'Roark's shop where appellee would pick it up and deliver the junk to Yaffee Iron & Metal Co. in Ft. Smith where appellee always sold his junk. Richey attempted to fix the brakes on the 1948 model truck, which were known by appellee to be defective, and appellee gave him $1.00 with which to pur-

chase brake fluid. In making the repairs, Richey "plugged up" one of the brakes and so advised appellee. Richey proceeded in the truck toward Ft. Smith over Highway 71 until he came up behind the school bus which was slowing down for a stop. A car was approaching from the opposite direction and the truck struck the rear of the school bus when the brakes proved to be wholly defective and would not hold.

When Richey was questioned by appellee's counsel as to the nature of the agreement under which the truck was turned over to him, he answered: "Well, it wasn't exactly a loan. He (appellee) told me I could drive the truck up there. He told me I could drive the truck up there if I'd drive the load of iron up there." He also stated that he was to drive the truck to Ft. Smith for the ride up there as well as for the convenience of appellee, and that he might have driven it back to Boles if he had not secured the job at O'Roark's shop. While appellee denied that Richey was in his employ at the time of the collision, he stated that he had made similar trips for appellee prior to and since the collision; that Richey's working hours were usually irregular and he was paid by the hour; and that he frequently did things for appellee without charging for his services. He had intended to pick up an old car body at O'Roark's shop and bring it back to Boles to be dismantled for junk. According to the driver of the school bus, appellee came upon the scene shortly after the wreck and stated that "his brakes were supposed to have been fixed at Waldron," and that Richey was hauling a load of junk to Ft. Smith in his truck.

When the foregoing admissions and testimony are considered in the light most favorable to the appellants, we conclude that a jury question was made as to whether Richey was acting within the scope of his agency or employment and as the agent or servant of appellee at the time of the collision. It is true that an owner is not liable for negligence in the operation of his vehicle by an employee to whom he has rented or lent it and who is using it on a mission of his own or solely for his own

purposes. *White* v. *Sims,* 211 Ark. 499, 201 S. W. 2d 21. But it is also well settled that if a vehicle causing an accident belongs to the defendant, and is being operated at the time of the accident by a regular employee of the defendant, there is a reasonable but rebuttable inference that at such time he was acting within the scope of his employment and in the furtherance of his master's business. *Mullins* v. *Ritchie Grocer Co.,* 183 Ark. 218, 35 S. W. 2d 1010.

In cases involving facts quite similar to those adduced by the appellants here, we have held that the issues, as to whether the driver of the vehicle was acting as the agent or servant of the owner and within the scope of his agency or employment at the time of the accident, are for the jury and not the court. *Casteel* v. *Yantis-Harper Tire Co.,* 183 Ark. 475, 36 S. W. 2d 406; *Ball* v. *Hail,* 196 Ark. 491, 118 S. W. 2d 668; *Lion Oil Refining Company* v. *Smith,* 199 Ark. 397, 133 S. W. 2d 895. To the same effect are the cases of *Volentine* v. *Wyatt,* 164 Ark. 172, 261 S. W. 308, and *Richards* v. *McCall,* 187 Ark. 61, 58 S. W. 2d 432. In *West* v. *Wall,* 191 Ark. 856, 88 S. W. 2d 63, relied on by appellee, the driver was using the truck on an independent business trip for a partnership of which he was a member at the time of the accident which did not involve a defective condition of the vehicle.

Our conclusion that the evidence adduced by appellants is legally sufficient to warrant a jury finding for appellants on the issues presented is in harmony with the following rule approved by this court in *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243, and numerous subsequent cases: "It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the

suit, or facts are shown that might bias his testimony or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury.''

While Richey is not made a party defendant, he could hardly be classed as a disinterested witness and his testimony on some points is contradicted by other evidence. For instance, his statement that he made repairs to the truck at appellee's home is contradicted by the bus driver's testimony that appellee said the brakes were to have been repaired at Waldron. And, even if the fact finders found Richey's testimony true *in toto*, it is certain that he was acting for the mutual benefit of himself and appellee and not solely for his own purposes in driving appellee's truck. On the whole case, we cannot say that a fair and reasonable inference might not have been deduced by the jury that Richey acted as the agent or servant of appellee and within the scope of his employment in the operation of the truck at the time of the collision.

While the issue probably will not arise again, the trial court also erred in overruling appellants' motion for a non-suit. See *Hall, Adm., v. Chess & Wymond Co.,* 131 Ark. 36, 198 S. W. 523. For the error in instructing a verdict for appellee, the judgment is reversed and the cause remanded for trial.