MERCEDES DÍAZ ET AL., Plaintiffs and Appellants, *v.* NICOLÁS ITURREGUI ET AL., Defendants and Appellees.

No. 10372. Argued February 1, 1951.—Decided February 15, 1951.

*Bolívar Pagán* for appellants. *F. Prieto Azúar* for appellees.

Mr. Justice Snyder delivered the opinion of the Court.

The plaintiffs sued Nicolás Iturregui and the defendant insurance company for damages, alleging that Cecilio de Jesús was hit and killed by Iturregui's automobile while it was being driven "by the chauffeur Clemencia Iturregui-Fernández, on affairs of the defendant Nicolás Iturregui and his family. . ." The answer admitted that de Jesús was hit and killed by Iturregui's automobile while it was being driven by Clemencia Iturregui, but denied that she "was driving the said vehicle as chauffeur or employee of the defendant Nicolás Iturregui, or in activities or for the benefit of the defendant or his family. . ."

Prior to trial, the plaintiffs served interrogatories on the defendants pursuant to Rule 33 of the Rules of Civil Procedure. The first question was as follows: "Where was Clemencia Iturregui going in the automobile referred to in the complaint, at the time of the accident suffered by Cecilio de Jesús, and in what activities was the said Clemencia Iturregui engaged?" The defendants answered this question in the following manner: "Mrs. Clemencia Iturregui, on information, was driving the Pontiac automobile license No. 12528 on March 16, 1949, from Río Piedras toward Santurce, on Luis Muñoz Marín Ave., with a school as her destination."

Thereafter, but still prior to trial, pursuant to Rule 36 the plaintiffs served on the defendants the following written request for admission of facts:

"1. That at the time of the accident involved in the present suit, Clemencia Iturregui was driving the vehicle mentioned in the complaint, taking a minor daughter of the defendant Nicolás Iturregui to school in order to receive instruction.

"2. That Clemencia Iturregui is the legitimate daughter of the defendant Nicolás Iturregui, and at the time of the accident she lived with the said defendant Nicolás Iturregui."

The defendants answered this request for admission of facts as follows:

"1. The defendant admits that at the time of the accident Clemencia Iturregui was taking, in the vehicle driven by her, a small sister and daughter of the defendant, towards the school at which the said Clemencia Iturregui was a professor and at which the minor was a student. The defendant also states that on the said day of the accident his said daughter, Clemencia Iturregui, took the automobile of the defendant for her use, as her car was being repaired.

"2. The defendant admits that the said Clemencia Iturregui is his legitimate daughter, of age, and that on the day of the accident she was living with the defendant."

At the trial the foregoing documents were admitted in evidence as exhibits of the plaintiffs. The latter introduced no other evidence on the issue of whether Clemencia was the agent or employee of Nicolás Iturregui. After the plaintiffs had presented their testimony, the defendants moved for a nonsuit on the ground that the testimony did not establish the relationship of principal and agent or employer and employee between Iturregui and the driver of the automobile. The lower court suspended the trial in order to take the motion under advisement. Thereafter it filed an opinion granting the motion and entered judgment for the defendants. The plaintiffs have appealed from that judgment.

 The first assignment is that the lower court erred in granting the motion for nonsuit on the ground that it had not been proved that Clemencia was the agent of Nicolás Iturregui.

The lower court granted the motion for nonsuit on alternative theories. In the first place, it held that the answers to the interrogatories and the admission of facts did not affirmatively show that Clemencia was driving the car on activities of the defendant Iturregui; namely, taking his minor child to school. The lower court rested this conclusion on the following factors: In their request for admission of facts the plaintiffs failed to request an admission that Clemencia

was driving the car on petition of Nicolás Iturregui and with instruction to take his minor child to school. And the answer to the request refrains from going into this point. Moreover, in their admission the defendants add that Clemencia had taken the car for her use because her own was being repaired. The plaintiffs, relying among other things, on the obligation of a parent to educate his minor children under § 153 of the Civid Code, 1930 ed., attack this first holding of the lower court. We need not pass on this question as we prefer to rest our judgment on the second and more important point in the case.[1]

The alternative holding of the lower court was based on the assumption that Clemencia was driving the car on an activity of Nicolás Iturregui; i.e., taking his child to school for instruction. Here again the lower court decided that Iturregui was not liable. It held that § 1803 of the Civil Code, as amended by Act No. 120, Laws of Puerto Rico, 1943, does not apply to the facts of this case.[2] The district court pointed out that § 1803 as amended made an owner of a vehicle liable if it was operated by his "employees or agents . . . while they act in the performance of their duties as such employees or agents, in accordance with the terms of their work contract." It said that this language did not

---

[1] The view we take of the case makes it unnecessary to determine if the lower court was entitled to take into consideration the last sentence of the first admission of facts. The plaintiffs argue that this sentence was not responsive to the request and should have been ignored by the lower court.

[2] Section 1803 as amended reads in part as follows: "Owners or directors of an establishment or enterprise are equally liable for the damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties, and the owners or proprietors of any motor vehicle used for the private service of its owner or proprietor, are also liable for the damages caused by the operation of same by their employees or agents duly authorized to drive said vehicles, and while they act in the performance of their duties as such employees or agents, in accordance with the terms of their work contract."

A similar provision is found in § 19 of Act No. 279, Laws of Puerto Rico, 1946, known as The Automobile and Traffic Act.

include the daughter of the defendant Iturregui, who did not work for him but was a school-teacher, even though she took his minor child, who was also her sister, to school that day on an activity of the defendant.

We agree with the lower court. The 1943 amendment to § 1803 must be read in the light of our cases. Prior to 1943, if a commercial enterprise was not involved, "only when the owner of the automobile at the time of the accident was riding in it, could he . . . be held liable for damages caused by said accident." *Rivera* v. *Mejías*, 62 P.R.R. 1, 4, and cases cited. This is a quite different concept from the common law liability for the acts of an agent. The Legislature recognized that the previous version of § 1803 was not suited to modern conditions and amended it in 1943. But it did not incorporate in the amended version the broad common law rules of agency on this point. Rather it carefully limited liability to cases where the driver is an employee or agent acting in accordance with the terms of his contract of work. And here we have no such case. On the contrary, at the most we have a school-teacher who at the request of her father drove her younger sister to school with her. In writing such a narrow statute, the Legislature has chosen to give immunity from liability to the father in such cases. Liability under these circumstances can come only from a broadening of the statute of the Legislature.

█ The plaintiff cites a host of cases from continental United States where under exactly the same facts the father has been held liable under the common law rules of agency. For example, see *Richards* v. *McCall*, 58 S. W. 2d 432 (Ark., 1933); *Olberg* v. *Kroehler*, 1 F. 2d 140 (C.A. 8, 1924). What we have said makes it obvious that we are compelled to follow our own statute and not those cases. By the same token, we cannot subvert the clear and narrow terms of § 1803 as amended and by judicial fiat incorporate into the law of this jurisdiction the liberal family purpose doctrine on which the plaintiffs also rely here. Annotation, 132

A.L.R. 981; Prosser on Torts, p. 500 *et seq.* Indeed, we have already implicitly rejected the family purpose doctrine in *Rivera* v. *Mejías, supra.* As the lower court pointed out, under the facts of that case, if that doctrine existed here, the result necessarily would have been different. *Cf. Pérez* v. *Picó,* 63 P.R.R. 387, 389.

■ The second error is that the lower court abused its discretion in refusing to reopen the case for additional testimony as to the use of the automobile and the mission of the driver at the time of the accident as the agent of Nicolás Iturregui.

The motion of the plaintiffs was general in form and gave no indication of what this testimony would be or who would give it. In denying this motion, the lower court said that during the hearing thereon it had inquired of the plaintiffs as to the nature of the additional testimony, and the latter had replied that "it would be directed to proving the relation of agent and principal between the owner of the vehicle involved in the litigation and the driver thereof." In view of the foregoing, we agree with the lower court that no useful purpose would have been served in reopening the case since, as the lower court pointed out, "on the assumption that Clemencia Iturregui, under instructions of her father, had driven the automobile of the latter to take his minor daughter to school, even then the defendant would not be liable as the said Clemencia Iturregui was not the agent or employee provided for in § 1803 of the Civil Code."

■ On appeal, the plaintiffs again are silent as to the details of the alleged additional testimony. Their attorney says only that the failure to submit this additional proof was at the most a technical error committed by him and that the parties should not suffer the consequences thereof. But we know of no additional testimony—and the plaintiffs have not mentioned any—which would make an older daughter, who is admittedly a school-teacher and not the hired chauffeur of the father, an "agent" or "employee" of her father under

"a contract of work" merely because she drove her sister to school with her in her father's car at the request of the latter. The lower court did not abuse its discretion in denying the motion of the plaintiffs to reopen the case.

The judgment of the district court will be affirmed.